[No. 637-3.    Division Three.    April 3, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. NEWT DARNELL, *Appellant*.

*Charles T. Morbeck*, for appellant.

*Herbert H. Davis, Prosecuting Attorney*, and *Curtis Ludwig, Deputy*, for respondent.

MUNSON, J.—Defendant, Newt Darnell, appeals from

judgment and sentence upon a jury verdict for driving while under the influence of intoxicating liquor (RCW 46.61.506), and driving while license suspended (RCW 46.20.342).

On September 23, 1970, at approximately 10:30 p.m., defendant was stopped by a state trooper. The trooper observed the vehicle being driven too slowly and weaving over the center line. Defendant could not produce a valid driver's license and, according to the trooper's testimony, appeared very intoxicated. He was asked to step out of his car and take physical sobriety tests. At the conclusion of these tests, he was taken to the patrol car and informed he was under arrest for driving while under the influence of alcohol. The trooper told defendant to stay in the patrol car; nevertheless, he got out of the car and fled the scene of arrest.

During trial the trooper related statements made by defendant on the night of the arrest. These statements, which were made pursuant to questions asked by the trooper, indicated defendant *had not consumed any alcohol* that evening. Defendant now contends the admission of these statements was prejudicial error because the statements were related at a time when he was subjected to a custodial interrogation, not preceded by required *Miranda* warnings.

Statements made by a defendant during a custodial interrogation may not be introduced into evidence at trial unless the interrogation was preceded by proper *Miranda* warnings. *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966). Even exculpatory statements, such as those made by defendant in the instant case, are to be excluded unless preceded by proper *Miranda* warnings. *State v. Woods*, 3 Wn. App. 691, 695, 477 P.2d 182 (1970); *State v. Nuckols*, 1 Wn. App. 189, 191, 459 P.2d 979 (1969).

The primary question here, however, is whether defendant was in custody, or otherwise deprived of his freedom of action in any significant way, at the time the statements were elicited.

■ Defendant could have been cited immediately after he was stopped for failure to produce a driver's license or for his erratic driving. The statements challenged by defendant were made after the trooper was aware of these violations. This temporary detention for traffic violations, however, is not synonymous with the in-custody interrogation necessitating *Miranda* warnings. *State v. Gray,* 3 Wn. App. 146, 149, 473 P.2d 189 (1970). The existence of adequate grounds to arrest or give a citation for minor traffic violations does not necessarily present a situation of compulsive in-custody interrogation or deprivation of freedom necessitating *Miranda* warnings. The facts in the instant case evidence no such compulsive interrogation situation.

■ Both statements admitted into evidence at trial were elicited before defendant was formally arrested. The first statement was elicited upon the trooper going to defendant's car. The trooper asked for defendant's driver's license and was advised it was at defendant's home. The trooper then testified the vehicle evidenced a strong odor of alcohol; he asked defendant how much he had had to drink. Defendant replied "none". The trooper then asked if the defendant would be willing to alight from the vehicle and perform physical sobriety tests. Up to the time the trooper asked defendant if he would get out of his vehicle, the trooper was merely conducting an investigatory interrogation. The inquiries were not yet to the status contemplated by *Miranda. State v. Cloud,* 7 Wn. App. 211, 498 P.2d 907 (1972), and cases cited therein. We find no constitutional error in admitting this exculpatory statement.

The second statement apparently was made while the physical sobriety tests were being conducted. Once the trooper had stopped the vehicle for traveling at an exceedingly slow speed and crossing the center line, had sensed the strong odor of alcohol in defendant's vehicle, and observed defendant's physical condition, he desired to further confirm his suspicions by physical tests. It was at that point that the investigation focused on defendant specifically for the crime charged. Once the trooper's reasoning brought

him to request these tests, *Miranda* applied, not to the tests about to be performed, but to any statements defendant might make during the giving of such tests. Once the *Miranda* warning was given, defendant would know he could refrain from making any statements while performing the tests.

■ However, the second statement was repetitive of the first, and added nothing to the information defendant had previously given the trooper. We note defendant did not object to the admission of either statement being received in evidence. Further, he testified in his own behalf, denying that he had anything to drink prior to being stopped by the trooper. Our review of the record satisfies us that the admission of the second statement was harmless error. *State v. Martin,* 73 Wn.2d 616, 440 P.2d 429 (1968); *State v. Slack,* 3 Wn. App. 116, 118, 472 P.2d 541 (1970).

Defendant also challenges his conviction for operating a motor vehicle while license suspended. He first assigns error to the giving of instruction 7[1] which defined the elements of this misdemeanor.

Defendant contends that actual notice to the accused of his suspension is a necessary element of this misdemeanor and that failure to instruct thereon was prejudicial error. He contends that his proposed instruction to that effect should have been given. We disagree.

---

[1]Instruction 7 states:

"You are instructed that before you can find the defendant guilty of the offense of driving while license suspended as charged in the complaint, it is necessary that you find from the evidence, beyond a reasonable doubt, each of the following elements:

"1. That on or about the 23rd day of September, 1970, the defendant was operating a motor vehicle upon the public highways of the State of Washington.

"2. That at that date and time the defendant's driver's license was suspended.

"3. That said act occured [sic] in Benton County, Washington.

"If you are satisfied that the State of Washington has proven the truth of each of the foregoing elements, beyond a reasonable doubt, you will find the defendant guilty of the offense of driving while license suspended. If you find a reasonable doubt as to any of such elements, you will find the defendant not guilty."

■ The state is authorized to revoke or suspend driving privileges upon the occurrence of specific events. RCW 46.20.285, .291, .292, .300. The procedure for invoking these sanctions is set forth by statute and provides for notice, hearing and appeal. RCW 46.20.322-.335. The statute upon which this charge is based, RCW 46.20.342, states in part:

> (1) Any person who drives a motor vehicle on any public highway of this state at a time when his privilege so to do is suspended or revoked or when his policy of insurance or bond, when required under this chapter, shall have been canceled or terminated, shall be guilty of a misdemeanor.

We do not believe the legislature intended to require evidence of actual notice of a revocation or suspension as an element of this crime. *State v. Mantell*, 71 Wn.2d 768, 430 P.2d 980 (1967); *State v. Boggs*, 57 Wn.2d 484, 358 P.2d 124 (1961); *State v. Henker*, 50 Wn.2d 809, 314 P.2d 645 (1957). We find no error in failing to instruct upon actual notice.[2]

Defendant finally contends the giving of instruction 3 was error. That instruction states:

> The Statute upon which the offense of driving while under the influence of intoxicating liquor is based and under which the prosecution is brought provides as follows:
> "46.61.506 Persons under the influence of intoxicating liquor.
> (1) It is unlawful for any person who is under the influence of or affected by the use of intoxicating liquor *or of any narcotic drug* to drive or be in actual physical control of a vehicle within this state."

(Italics ours.) No evidence of drug use was presented at trial; as a consequence, defendant contends reference to

---

[2]The state showed that notice of revocation had been sent to defendant. Defendant presented no evidence indicating he did not receive the notice. He failed to display his license when stopped by the police officer. Furthermore, when he took the stand in his own behalf, he presented no testimony indicating he had not received notice of revocation.

"narcotic drug" in the above instruction was prejudicial error.

█ Reference to the term "narcotic drug" in the instruction was improper. Defendant was not charged with driving a motor vehicle while under the influence of drugs and no evidence with respect to drug use was presented. *State v. Johnson*, 1 Wn. App. 553, 555, 463 P.2d 205 (1969). Nevertheless, the giving of this instruction did not amount to prejudicial error. Another instruction clearly defined the crime with which defendant was charged, setting out its necessary elements. That instruction made no reference to "narcotic drug" or in any way indicated drug use to be an issue in the case. It was merely an informational instruction setting out the statute under which defendant was charged. Under these circumstances, there is no basis upon which to conclude the jury was misled by that instruction into speculating that the prosecution was presenting influence of drugs as a theory of this case. From a review of the record, we are convinced that the error in giving instruction 3 was harmless and not prejudicial to the substantial rights of defendant. *See State v. Johnson, supra.*

Judgment is affirmed.

GREEN, C.J., and McINTURFF, J., concur.

Petition for rehearing denied April 30, 1973.

Review denied by Supreme Court July 3, 1973.