[No. 3785–II.   Division Two.   April 2, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. CLAUDE
THOMAS, *Appellant.*

*Judith M. Mandel, Deputy Public Defender,* for appellant.

*C. Danny Clem, Prosecuting Attorney,* for respondent.

ARMSTRONG, J.*—Claude Thomas appeals his conviction for driving while his driver's license was suspended. He contends that service of the suspension notice by regular mail did not constitute adequate notice. We disagree and affirm his conviction.

On October 13, 1977, defendant, then a resident of Montana and holder of a Montana driver's license, was arrested for driving while intoxicated in Pierce County. He appeared in Pierce County District Court the next day and entered a plea of guilty. Immediately thereafter he returned to Montana. On November 10, 1977, the Washington Department of Motor Vehicles mailed notice to defendant stating that his driving privilege would be suspended for 30 days. Defendant denies that he ever received this notice. However, the record before us shows that it was mailed to defendant's Butte, Montana, address which he had provided to the Pierce County District Court just 3 weeks earlier.

In December 1977 defendant moved to Washington. His Montana license expired on February 5, 1978, and he did not apply for a Washington license in a timely manner. On April 18, 1978, defendant was stopped for speeding and cited for failure to have a valid driver's license. Shortly after his arrest defendant was charged with driving while his license was suspended since he did not take the steps set forth in RCW 46.20.311 necessary to reinstate a suspended license.

Defendant argues that under the facts of this case due process requires the State to prove actual service. We disagree.

---

*Judge Ralph Armstrong is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

■ Deprivation of the continued possession of a driver's license is subject to the due process clause of the fourteenth amendment to the United States Constitution. When a state seeks to suspend a license it must provide notice and an opportunity for a hearing appropriate to the nature of the case. *Bell v. Burson,* 402 U.S. 535, 29 L. Ed. 2d 90, 91 S. Ct. 1586 (1971). The notice given before deprivation of a significant right must be notice reasonably calculated, under all the circumstances, to inform the affected party of the pending action and afford him an opportunity to present his objections. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652 (1950). *Accord, Olympic Forest Prods., Inc. v. Chaussee Corp.,* 82 Wn.2d 418, 511 P.2d 1002 (1973); *Barrie v. Kitsap County,* 84 Wn.2d 579, 584–85, 527 P.2d 1377 (1974). *See also* RCW 46.20.322(1)[1] which sets forth the notice rights.

It has been established that the State need not prove actual receipt of a notice of suspension as an element of the misdemeanor of driving with a suspended license; it must only present evidence that notice was mailed to the defendant. *State v. Darnell,* 8 Wn. App. 627, 631, 508 P.2d 613, *cert. denied,* 414 U.S. 1112, 38 L. Ed. 2d 739, 94 S. Ct. 842 (1973).

Defendant contends that mail is frequently lost or sent to the wrong address. He suggests that actual notice could be achieved by certified mail. Additionally, he seeks to distinguish the *Darnell* case for two reasons: (1) that case related to a resident of this state and defendant was a resident of Montana at the time of his license suspension; and (2) Darnell presented no testimony indicating that he had not received the notice, whereas defendant Thomas testified that he had not received it.

---

[1]RCW 46.20.322(1) states as follows:

"Whenever the department proposes to suspend or revoke the driving privilege of any person or proposes to impose terms of probation on a person's driving privilege or proposes to refuse to renew a driver's license, notice and an opportunity for a driver improvement interview shall be given before taking such action, except as provided in RCW 46.20.324 and 46.20.325."

■ We do not find merit in the nonresident distinction. RCW 46.20.215(1)[2] permits the Department of Motor Vehicles to suspend driving privileges for nonresidents in the same manner as residents. Since a nonresident is no less likely to receive mailed notice than a resident, due process would not require a higher standard of notice for nonresidents than it requires for residents.

The second and major issue relates to the factual distinction with respect to actual receipt of notice. The statute in question does not prescribe the method of giving notice. The question before us is whether regular mail can be said to be reasonably calculated to be received even though there is a possible risk that it might not actually reach the licensee. The answer lies within an analysis of *Mullane v. Central Hanover Bank & Trust Co., supra.*

The *Mullane* case suggests the use of the mails when it states, "the mails today are recognized as an efficient and inexpensive means of communication." 339 U.S. at 319. It does not, however, require any specific method of giving notice provided the method is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." 339 U.S. at 314. The suggestion of mailed notice has caused the states to vary in their legislative requirements from the unspecified type of notice to regular mail, certified mail, mail requiring a return receipt requested, to the only type of mail which provides actual service—a return receipt signed by the addressee.

■ In determining whether reasonable notice under the circumstances has been provided, the nature of the individual right at stake should be balanced with the relative burden imposed on the party who must give notice. The circumstances of the case provide the answer.

---

[2]RCW 46.20.215(1) reads as follows:

"The privilege of driving a motor vehicle on the highways of this state given to a nonresident hereunder shall be subject to suspension or revocation by the department in like manner and for like cause as a driver's license issued hereunder may be suspended or revoked."

The circumstances of this case would include a consideration of the following factors: (1) the suspension of a driver's license is a civil action designed for the protection of the public; (2) driving while a license is suspended is a criminal action which varies in different states from a misdemeanor to a felony punishable by a penitentiary sentence—in this state it is a misdemeanor; (3) the right to maintain a driver's license is a valuable right because it may affect one's right to maintain employment, and also one's driving record; and (4) if the defendant had applied for a Washington driver's license at the time of expiration of his Montana license he would have learned of the suspension of his driving rights before the time of the traffic arrest in question.

■ Considering the objective circumstances of the case which affect all licensees, we conclude that actual receipt of notice is not a prerequisite in motor vehicle driver's license suspension cases. Service by regular mail furnishes reasonable notice and an opportunity to be heard, where the penalty is a misdemeanor. This is consistent with the view expressed in *Mullane v. Central Hanover Bank & Trust Co., supra,* 339 U.S. at 319:

> We think that under such circumstances reasonable risks that notice might not actually reach every beneficiary are justifiable. "Now and then an extraordinary case may turn up, but constitutional law like other mortal contrivances has to take some chances, and in the great majority of instances no doubt justice will be done." *Blinn v. Nelson* [222 U.S. 1, 7, 56 L. Ed. 65, 68, 32 S. Ct. 1 (1911)].

If our statute provided for a felony penalty for suspension of driver's license cases a more persuasive case could be made for requiring proof of actual service by certified mail with return receipt signed by the addressee because of the serious consequences of such a felony penalty.

Defendant's conviction is affirmed.

REED, C.J., and PEARSON, J., concur.