[Nos. 5335-7-II; 5460-4-II.   Division Two.   April 14, 1983.]

THE DEPARTMENT OF LICENSING, *Appellant,* v.
ANTHONY A. RAMIREZ, *Respondent.*

THE DEPARTMENT OF LICENSING, *Appellant,* v.
DANIEL W. REISING, *Respondent.*

*Kenneth O. Eikenberry, Attorney General,* and *Robert P. Manos, Assistant,* for appellant.

*Craig S. Adams,* for respondents.

PETRICH, C.J.—The State of Washington, Department of Licensing, appeals from two orders of the Pierce County Superior Court. The orders required the Department to provide hearings to Daniel Reising and Anthony Ramirez, whose driver's licenses had previously been revoked under the provisions of the Washington Habitual Traffic Offenders Act, RCW 46.65, to determine whether they are entitled to a stay of the revocation for having undertaken and followed a course of treatment for alcoholism. These consolidated cases present a single issue: Is a licensee who does not request a hearing, challenging the Department's determination of habitual traffic offender status and revocation of his operator's license, thereafter precluded from being considered for a stay of revocation of his operator's license? We hold the stay request need not be contemporaneous with the request for a hearing challenging revocation of driving privileges and that the licensees are entitled to have the Department consider their stay requests even though no timely appeal was taken from the initial determination. We further hold a formal hearing on the request for a stay of suspension is not required.

The relevant statutes which we set out in the margin[1]

---

[1]RCW 46.65.060 provides:

"Department findings—Revocation of operator's license—Stay by department. If the department finds that such person is not an habitual offender under this chapter, the proceeding shall be dismissed, but if the department finds that such person is an habitual offender, the department shall revoke the operator's license

are RCW 46.65.060 and .065. RCW 46.65.060 provides that if the Department finds a driver licensee to be a habitual

for a period of five years: *Provided,* That the department may stay the date of the revocation if it finds that the traffic offenses upon which it is based were caused by or are the result of the alcoholism of the person, as defined in RCW 70.96A-.020, as now or hereafter amended and that since his or her last offense he or she has undertaken and followed a course of treatment for alcoholism on a program approved by the department of social and health services; such stay shall be subject to terms and conditions as are deemed reasonable by the department. Said stay shall continue as long as there is no further conviction for any of the offenses listed in RCW 46.65.020(1). Upon a subsequent conviction for any offense listed in RCW 46.65.020(1) or violation of any of the terms or conditions of the original stay order, the stay shall be removed and the department shall revoke the operator's license for a period of five years." (This statute was amended after this action arose. The amendment does not affect the result here, therefore we quote the current version.)

RCW 46.65.065 provides:

"Revocation of habitual offender license—Request for hearing, scope—Right to appeal. (1) Whenever a person's driving record, as maintained by the department, brings him or her within the definition of an habitual traffic offender, as defined in RCW 46.65.020, the department shall forthwith notify such person of the revocation in writing by certified mail at his or her address of record as maintained by the department. If such person is a nonresident of this state, notice shall be sent to such person's last known address. Notices of revocation shall inform the recipient thereof of his or her right to a formal hearing and specify the steps which must be taken in order to obtain a hearing. The person upon receiving such notice may, in writing and within ten days therefrom request a formal hearing: *Provided,* That if such a request is not made within the prescribed time the right to a hearing shall be deemed to have been waived: *Provided further,* That a request for a hearing shall stay the effectiveness of the revocation.

"(2) Upon receipt of a request for a hearing, the department shall schedule a hearing in the county in which the person making the request resides, and if such person is a nonresident of this state, the hearing shall be held in Thurston county. The department shall give at least ten days notice of the hearing to such person.

"(3) The scope of the hearings provided by this section shall be limited to the issues of whether the certified transcripts or abstracts of the convictions, as maintained by the department, show that the requisite number of violations have been accumulated within the prescribed period of time as set forth in RCW 46.65.020 as now or hereafter amended and, whether the terms and conditions for granting stays, as provided in RCW 46.65.060 as now or hereafter amended, have been met.

"(4) Upon receipt of the hearing officer's decision, an aggrieved party shall have the right to appeal to the superior court of the county wherein he or she resides, or, in the case of a nonresident of this state, in the superior court of Thurston county for review of the revocation. Notice of appeal must be filed within thirty days after receipt of the hearing officer's decision or the right to appeal shall be deemed to have been waived. Review by the court shall be de novo and without a jury.

traffic offender as defined by RCW 46.65.020, it shall revoke the license for 5 years. RCW 46.65.060 also provides the Department "may stay the date of the revocation if it finds that the traffic offenses upon which it is based were caused by or are the result of the alcoholism . . . and since his or her last offense he or she has undertaken and followed a course of treatment for alcoholism . . ."[2] RCW 46.65.065 sets out the administrative appeal procedure. A licensee may contest a habitual traffic offender determination by requesting a formal hearing within 10 days of receiving notice. RCW 46.65.065(3) specifically limits the scope of the hearing to the issues of (1) whether the Department's records show the required number of violations and, (2) whether the terms and conditions for granting an RCW 46.65.060 stay have been met. Other than the procedural requirements of RCW 46.65.065, the act does not set forth any procedures for requesting a stay.

It is undisputed that neither licensee timely appealed from the initial status determination. Instead, after the time for appealing expired, each licensee requested a hearing to demonstrate compliance with the stay proviso of RCW 46.65.060. The Department denied the requests and the licensees brought separate mandamus actions requesting that the Department be ordered to provide them a hearing. The court granted the requests. The State contends that RCW 46.65.065(3), which defines the scope of the initial revocation hearing to include consideration of the stay requirements, indicates it was the Legislature's intent that the stay only be considered at the initial revocation hearing, and since these licensees did not timely appeal they waived their right to a hearing on a stay of revocation. The licensees do not contend they are entitled to a hearing under RCW 46.65.065, but rather, that they

---

"(5) The filing of a notice of appeal shall not stay the effective date of the revocation."

[2]*See State v. Kent,* 87 Wn.2d 103, 549 P.2d 721 (1976), for a general discussion of this proviso.

are entitled to a hearing under RCW 46.65.060, although they readily admit this statute does not set forth any procedure.

The 1979 statutory amendments and additions to the act are at the heart of this controversy. The act, originally passed in 1971, provided that the forum for the habitual traffic offender adjudication was the courts: the prosecutor filed the complaint and the superior court made the determination. The stay proviso was added in 1973 to allow a judge to stay the revocation order. In *State v. Heath,* 85 Wn.2d 196, 532 P.2d 621 (1975), the court was presented with the issue of whether the stay request must be contemporaneous with the revocation and concluded it need not, relying on the fact there was no statutory requirement that the stay be issued at revocation. The court indicated the language of RCW 46.65.060 contemplated that a period of time might elapse following the last driving offense, during which the offender could find and qualify for a treatment program before asking the court to determine he is qualified for the stay. In 1979, the act was amended to place enforcement with the Department and the administrative procedural statute, RCW 46.65.065, was added at that time. RCW 46.65.060 was amended to substitute the Department for the court but was not made more specific about when the stay request must be made.

■■ We find the rationale in *State v. Heath, supra,* persuasive and applicable to the present statute. It is clear from RCW 46.65.065 that the licensee may request a stay at the formal revocation hearing, but nowhere does the Legislature mandate that a stay request must be made within 10 days of the status determination. The language of RCW 46.65.060 contemplates that some time might elapse following the last offense during which the driver may seek treatment. No purpose would be served by restricting the power of the Department to consideration of the stay only at the initial revocation hearing, and the Legislature has not seen fit to do so. The Legislature is presumed to be aware of past legislation and judicial interpretations when enacting

and amending statutes. *In re Marriage of Little,* 96 Wn.2d 183, 634 P.2d 498 (1981). Nothing in the 1979 legislation indicates a legislative intent to "overrule" the holding in *State v. Heath, supra.*

We next address whether a formal hearing is required. It is established that retention of a driving privilege is a protected interest under the Fourteenth Amendment and that a license is not to be taken away without procedural due process, which as a general rule calls for notice and hearing. *Bell v. Burson,* 402 U.S. 535, 29 L. Ed. 2d 90, 91 S. Ct. 1586 (1971); *Dixon v. Love,* 431 U.S. 105, 52 L. Ed. 2d 172, 97 S. Ct. 1723 (1977); *State v. Heath, supra; State v. Scheffel,* 82 Wn.2d 872, 514 P.2d 1052 (1973). However, this is not a case of retention of a driver's license. The stay is purely a matter of legislative grace which goes beyond the due process requirements of the state and federal constitutions. We hold a driver's interest is adequately protected if he is allowed to make application for a stay and have the Department consider his request; this can be accomplished without a formal hearing.

We modify the trial court's orders insofar as they required a formal hearing.

REED and WORSWICK, JJ., concur.