[No. 22160–4–I.   Division One.   January 3, 1990.]

THE CITY OF SEATTLE, *Respondent,* v. RONALD FOLEY, *Petitioner.*

*Ann Ryan* of *Associated Counsel for the Accused,* for petitioner.

*Douglas N. Jewett, City Attorney,* and *Jerome Y. Roache, Assistant,* for respondent.

WEBSTER, J.—This court granted Ronald Foley's motion for discretionary review of his conviction for driving while license suspended or revoked. He argues that the State

failed to provide adequate notice of his license revocation. We affirm.

The police stopped Foley while driving in 1986 and requested that he submit to a breath test.[1] Because he refused, the Washington State Department of Licensing proceeded to revoke his license. It sent a notice of the revocation by certified mail to an address in Kent on June 6, 1986. The post office returned the certified letter with a stamp endorsed "unclaimed"; the State remailed the notice to the same address by first-class mail on July 17, 1986.

The City of Seattle charged Foley with driving while license suspended or revoked on August 15, 1986. To establish Foley's license suspension, the City offered as evidence the order of revocation which the Department of Licensing had sent by certified mail. Foley moved to dismiss the charge arguing that the City failed to prove that his driving privilege had been revoked because the notice of the revocation—sent by certified mail—was returned unclaimed. The court denied the motion, and a jury convicted Foley of driving while license suspended or revoked.

## DISCUSSION

Foley violated a municipal ordinance which prohibits driving with a revoked license:

> No person shall operate a motor vehicle on any street or alley or way open to the public at a time when that person is in a suspended or revoked status or when his or her privilege to do so is suspended or revoked or when his or her policy of insurance or bond required under RCW chapter 46.20 shall have been canceled or terminated.

Seattle Municipal Code (SMC) 11.56.320. This ordinance mirrors a statute declaring the same conduct a misdemeanor. *See* RCW 46.20.342. RCW 46.20.308 declares that a person's refusal to submit to a breath or blood alcohol test *will* result in revocation of one's privilege to drive.

---

[1]The record contains no evidence of Foley's encounter with the police other than a notice sent by the State to Foley that his license was being revoked for refusal to submit to a breath test.

When an officer has reasonable grounds to believe a person has been driving under the influence of intoxicating liquor,

> [t]he officer shall inform the person of his or her right to refuse the breath or blood test, and of his or her right to have additional tests administered by any qualified person of his or her choosing as provided in RCW 46.61.506. The officer shall warn the driver that (a) his or her privilege to drive will be revoked or denied if he or she refuses to submit to the test, and (b) that his or her refusal to take the test may be used in a criminal trial.

RCW 46.20.308(2). The statute provides that the Department of Licensing will notify a person of license revocation as follows:

> (7) Upon revoking the license or permit to drive or the non-resident operating privilege of any person, the department shall immediately notify the person involved in writing by personal service or by certified mail of its decision and the grounds therefor, and of his right to a hearing, specifying the steps he must take to obtain a hearing. Within ten days after receiving such notice the person may, in writing, request a formal hearing. Upon receipt of such request, the department shall afford the person an opportunity for a hearing as provided in RCW 46.20.329 and 46.20.332. The hearing shall be conducted in the county of the arrest. . . . Any decision by the department revoking a person's driving privilege shall be stayed and shall not take effect while a formal hearing is pending as provided in this section . . ..

Former RCW 46.20.308(7).

> Although an individual is accorded notice of that order and may administratively appeal the order of revocation, *revocation is automatic upon refusal to submit to a test.*

(Italics ours.) *Spokane v. Holmberg,* 50 Wn. App. 317, 324, 745 P.2d 49 (1987), *review denied sub nom. Box v. Grant Cy. Dist. Court,* 110 Wn.2d 1013 (1988). When a person is arrested for driving while under the influence of intoxicants, an

> arresting officer shall, at the time of arrest, confiscate the person's Washington state license . . . and issue a temporary license . . . [which]
>
> . . . .
> . . . shall be valid only until the sooner of:
> (a) Its expiration date; or

(b) The suspension, revocation, or denial by judicial or administrative action for any reason of the license . . ..

RCW 46.20.599(1), (3).

Foley's sole contention is that the State's attempt to revoke his license was ineffective because it failed to properly notify him. Foley's argument is without merit.

■ Foley's violation of the ordinance prohibiting driving while one's license is revoked does not contain an element of actual notice. *See State v. Darnell,* 8 Wn. App. 627, 631, 508 P.2d 613, *cert. denied,* 414 U.S. 1112 (1973). In *Darnell,* the court interpreted RCW 46.20.342 which, with the exception of minor variations, is identical to SMC 11.56.320. *Darnell.* The court rejected the defendant's assertion that a jury instruction, which defined the elements of the crime of driving while license suspended, should have included actual notice as an element of the crime. *Darnell.*

We conclude that Foley received at least inquiry notice on three different occasions that his license was revoked. First, as required by RCW 46.20.308(2), Foley was told by his arresting officer that refusal to submit to a breath test would result in revocation. Although Foley maintained at oral argument that the record does not necessarily establish this, Foley never argued that the officer failed to give proper implied consent warnings. In the absence of this assertion, we are compelled to assume that Foley's arresting officer complied with the statute.

Second, Foley received notice of the revocation when his arresting officer, pursuant to RCW 46.20.599, confiscated his license and issued a temporary one. Again, although the record does not show what transpired during his arrest, Foley's lack of argument to the contrary below compels us to assume that the police officer dutifully complied with the statute.

Finally, Foley received notice when the State sent notice by certified mail to Foley's last known address. We recognize that the Department of Licensing must comply with

RCW 46.20.308(7) in order to effectively revoke a license.[2] However, we disagree with Foley's assertion that certified mail, sent to a last known address, and returned unclaimed does not satisfy the notice requirements. The statute simply requires the Department of Licensing to notify a person via personal service or certified mail. The Department complied with this by sending notice to the most recent address listed on papers in the Department's possession. *State v. Baker,* 49 Wn. App. 778, 782, 745 P.2d 1335 (1987). Thus, if the Department mailed the notice to an address which it knew or should have known was not the last known address of the person to be notified, the Department would not have complied with the statute.

Although Foley did not acknowledge receipt, the post office attempted delivery as evidenced by the certified mail receipt. Nothing in the record indicates that Foley lived at a residence other than the one to which the Department of Licensing sent the order of revocation. The only reasonable conclusion to be reached is that the Department sent the notice to Foley's last known address and Foley refused to claim it. Foley cannot now argue that notice was improper. Were we to conclude otherwise, we would permit a person to refuse to submit to a breath test and thereafter avoid a mandatory license revocation by simply not claiming certified mail or moving to an unknown address[3] to avoid personal service. Therefore, Foley's license revocation automatically took effect per the Department's attempted notification of his license revocation by certified mail. *See Spokane v. Holmberg,* 50 Wn. App. at 324.

---

[2]This conclusion is apparent from that portion of the statute which provides for the Department of Licensing's decision to revoke a person's license to be stayed pending a review hearing. RCW 46.20.308(7). This provision would be ineffective if the Department were allowed to ignore the notice requirements of the statute so as to prevent a driver from having a right to drive while a review hearing was pending.

[3]RCW 46.20.205 imposes a duty upon persons holding a driver's license to inform the Department of Licensing of address changes within 10 days of a move.

We hold that Foley had inquiry notice when he refused to submit to a breath test that his license would be revoked. His arresting officer informed him of the consequences of refusal and confiscated his license. Foley had a duty to inquire as to the status of his license. This, coupled with Foley's refusal to claim the notice of revocation sent by certified mail constitutes sufficient evidence that Foley had notice of his license revocation to support his conviction.

We affirm.

SCHOLFIELD and PEKELIS, JJ., concur.

Review denied at 114 Wn.2d 1016 (1990).