[No. 23570-2-I.   Division One.   January 16, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. PATRICIA VAHL, *Petitioner.*

604

L. Stephen Rochon and Suzanne Lee Elliott of Associated Counsel for the Accused, for petitioner.

Norm Maleng, Prosecuting Attorney, and Pamela Mohr, Deputy, for respondent.

WEBSTER, J.—Patricia Vahl was convicted of driving while adjudged an habitual traffic offender. She contends her conviction is invalid because, although notice of revocation was sent by certified mail, it was returned unclaimed. The Superior Court held that notice by certified mail satisfied the habitual traffic offender statute.

## FACTS

The Department of Licensing sent Vahl notice by certified mail that she was an habitual offender and that her license would be revoked for 5 years as of July 15, 1984. An habitual traffic offender is anyone who accumulates three or more specified convictions within a 5-year period. See RCW 46.65.020(1). Notice of revocation was sent to 32303 4th Place S., Apt. M-1, Federal Way, Washington. This was Vahl's address as shown in department records at the time.

A Seattle police officer stopped Vahl on July 1, 1987, and discovered that her license had been revoked. The officer cited Vahl with driving in violation of an order revoking her license for habitual traffic offender status. *See* RCW 46.65-.090. The citation showed Vahl's address as 1835 S. 216th, C–304, Seattle, Washington, 98198. Vahl was charged in Federal Way District Court. Defense counsel moved to dismiss for lack of evidence that she received notice of revocation. The court denied the motion, saying

a person should not be able to avoid the consequences of habitual offender status by simply refusing to pick up his certified mail. We frequently see that there are people who decline to pick up that type of mail and it shouldn't be a way around having to comply with this particular requirement . . .[.] I don't find any specific . . . requirement of actual notice in the statute.

Defense counsel emphasized the new address on the citation given to Vahl on July 1, 1987. Vahl did not say if and when she had moved, and she did not testify or contend the notice was sent to the wrong address.

## DISCUSSION

If the Department of Licensing finds that a driver is an habitual traffic offender, "the department shall revoke the operator's license for a period of five years". RCW 46.65-.060. Any person found to be an habitual traffic offender who drives while an order of revocation is "in effect" is guilty of a gross misdemeanor. RCW 46.65.090(1). Mandatory confinement for a first violation is 10 days; for a second, 90 days; for a third, 1 year. RCW 46.65.090(1); RCW 46.20.342(1).

Whenever a person's driving record, as maintained by the department, brings him or her within the definition of an habitual traffic offender, as defined in RCW 46.65.020, the department shall forthwith notify such a person of the revocation in writing *by certified mail at his or her address of record as maintained by the department.* If such person is a nonresident of this state, notice shall be sent to such person's last known address. Notices of revocation shall inform *the recipient thereof* of his or her right to a formal hearing and specify the steps which must be taken in order to obtain a hearing. The person *upon receiving such notice* may, in writing and within

ten days therefrom request a formal hearing: *Provided,* That if such request is not made within the prescribed time the right to a hearing shall be deemed to have been waived: *Provided further,* That a request for a hearing shall stay the effectiveness of the revocation.

(Italics ours.) Former RCW 46.65.065(1).

Vahl argues that due process requires proof of actual notice of an order of revocation before a habitual traffic offender may be convicted of driving while the order is in effect. She concedes that notice by regular mail satisfies due process, whether or not it is received, at least when the crime involved is a misdemeanor, as in the case of the general statute against driving with a suspended license, RCW 46.20.342. *See State v. Thomas,* 25 Wn. App. 770, 610 P.2d 937 (1980); *State v. Darnell,* 8 Wn. App. 627, 508 P.2d 613, *cert. denied,* 414 U.S. 1112 (1973). However, Vahl emphasizes the following language in *Thomas:*

> If our statute provided for a felony penalty for suspension of driver's license cases a more persuasive case could be made for requiring proof of actual service by certified mail with return receipt signed by the addressee because of the serious consequences of such a felony penalty.

*Thomas,* at 774. Vahl contends the gross misdemeanor penalty in her case is serious enough to require, as a matter of due process, a return receipt signed by her. We disagree.

As noted by the trial court, this would make the success of prosecution dependent upon cooperation by the defendant. Before certified mail is returned "unclaimed", the postal carrier leaves a notice with the addressee's ordinary mail. Five days later, the carrier delivers another notice. The article is endorsed "unclaimed" if it is not picked up in 15 days. See *United States Postal Service Domestic Mail Manual* (DMM) 912.55 (1989). If the addressee has moved and left no forwarding address, the endorsement is "moved, left no address", not "unclaimed". If the addressee is temporarily away beyond expiration of the retention period, the endorsement is "temporarily away". If delivery is attempted upon a person who does not know the addressee, the endorsement is "attempted—not known". Other

endorsements are used if the address is nonexistent or illegible, if there is no mailbox or other receptacle, or if other specific circumstances prevent delivery. See DMM, Exhibit 159.14 (listing endorsements for mail undeliverable as addressed).

█ Refusing to claim certified mail is analogous to refusing in hand service of process. A person who refuses to accept service of process cannot prevent a proper court from obtaining jurisdiction. *See United Pac. Ins. Co. v. Discount Co.*, 15 Wn. App. 559, 550 P.2d 699 (1976); *see also Nielsen v. Braland*, 264 Minn. 481, 119 N.W.2d 737 (1963). "Personal service of written notice within the jurisdiction is the classic form of notice always adequate in any type of proceeding." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 94 L. Ed. 865, 70 S. Ct. 652 (1950). If a person cannot defeat service by refusing tendered process, a person should not be able to defeat notice by certified mail by refusing to claim it. In other words, due process does not mean a defendant should have veto power over the State's case.

Vahl also argues that the applicable statutory language requires actual notice. *See* RCW 46.65.065(1). The State contends, if the Legislature intended actual notice, it would have explicitly stated notice is ineffective unless received. Vahl argues the converse: if the Legislature intended notice to be sufficient whether or not received, it would have written RCW 46.65.065(1) as it wrote RCW 46.29.605(2). The latter statute, involving suspensions for lack of financial responsibility, provides:

> A notice of suspension shall be mailed by first class mail to the owner's last known address of record in the department *and shall be effective notwithstanding the owner's failure to receive the notice.*

RCW 46.29.605(2). At best, the arguments expose an ambiguity created when the Legislature specifies a method of written notice, refers to receipt of notice, and then fails to address the situation created if and when notice is not

received. *See* RCW 46.65.065(1); *see also* RCW 46.20-.308(7).[1]

As in *Darnell,* referring to the misdemeanor crime of driving with a revoked or suspended license under RCW 46.20.342, "[w]e do not believe the legislature intended to require evidence of *actual notice of a revocation or suspension* as an element of this crime." *Darnell,* 8 Wn. App. at 631. The Washington Habitual Traffic Offenders Act as originally enacted required personal service to initiate revocation proceedings. *See* Laws of 1971, 1st Ex. Sess., ch. 284, §§ 5–7. The Legislature's subsequent amendment of the act in 1979 reveals a clear preference for notice by certified mail as opposed to personal service. If a person could defend by simply refusing to claim certified mail, notice by certified mail would be insufficient, even though the statute specifically provides for such notice. *See* RCW 46.65.065(1). Habitual traffic offenders are the kind of people who exhibit "disrespect for the laws of the state, the orders of her courts and the statutorily required acts of her administrative agencies". RCW 46.65.010(2). Therefore, it would be incongruous for the Legislature to require actual receipt of certified mail, because the typical habitual traffic offender might simply refuse to claim it.

■ The statute does speak of "the recipient" of notice and gives this person the right to stay the effectiveness of revocation by requesting a hearing within 10 days of "receiving such notice". Former RCW 46.65.065(1).

Notice may be either (1) statutory, *i.e.,* made so by legislative enactment; (2) actual, which brings the knowledge of a fact

---

[1]RCW 46.20.308(7), involving revocations for refusing to submit to a breath or blood test, provides in pertinent part:

Upon revoking the license or permit to drive . . . the department shall immediately notify the person involved in writing by personal service or by certified mail . . .. Within ten days *after receiving* such notice the person may, in writing, request a formal hearing. . . . Any decision by the department revoking a person's driving privilege shall be stayed and shall not take effect while a formal hearing is pending . . ..

(Italics ours.) We address this language in *Seattle v. Foley,* 56 Wn. App. 485, 784 P.2d 176 (1990), where we reach essentially the same result reached here.

directly home to the party; or (3) constructive. Constructive notice may be subdivided into: *(a) Where there exists actual notice of matter, to which equity has added constructive notice of facts, which an inquiry after such matter would have elicited; and (b) where there has been a designed abstinence from inquiry for the very purpose of escaping notice.*

(Italics ours.) Black's Law Dictionary 957 (5th ed. 1979). In this case we do not have a statute, such as RCW 46.29-.605(2), which provides that mail notice is effective whether or not it is received. The statute cited is an example of "statutory" notice. We also do not have a situation of "actual" notice, because it is not definitively established that Vahl knew her license was revoked due to habitual offender status. We do, however, have evidence of "constructive" notice, in both senses identified in the excerpt. Vahl lived at the address to which notice was sent in 1984, and she does not appear to have moved until 1987, if at all. She was cited for driving while intoxicated in 1981, driving with a suspended license in 1983, and both driving with a suspended license and hit and run in May 1984. The Washington Habitual Traffic Offenders Act makes license revocation mandatory when a person is convicted in a 5–year period of three or more offenses, singly or in combination, of driving while intoxicated, driving with a suspended license, or hit and run. *See* RCW 46.65.020(1), .060. Vahl is presumed to have known the law. *See State v. Patterson,* 37 Wn. App. 275, 282, 679 P.2d 416, *review denied,* 103 Wn.2d 1005 (1984). From all that appears, she twice received actual notice of certified mail with her ordinary mail. Given all this, she had actual notice of matters to which the law may equitably add constructive notice of facts which would have been discovered upon reasonable inquiry. It also appears Vahl avoided inquiry for the very purpose of escaping notice. Under Washington's criminal code, a person "knows or acts knowingly or with knowledge" when the person "has information which would lead a reasonable [person] in the same situation to believe that facts exist which facts are described by a statute defining an offense." RCW 9A.08.010(1)(b)(ii). By this standard,

Vahl knew she was an habitual traffic offender, and she knew her license was being revoked for 5 years.

We hold that notice by certified mail to the correct address as shown in department records at the time of the mailing satisfies the State's burden of proof under RCW 46.65.090.[2] Vahl presented no evidence that she lacked actual notice of revocation. But even if she did lack such notice, she had constructive notice in the two senses identified in the Black's Law Dictionary excerpt and under RCW 9A.08.010(1)(b)(ii).

We affirm.

SCHOLFIELD and PEKELIS, JJ., concur.

Review denied at 114 Wn.2d 1021 (1990).

---

[2]Failure to send notice to the last known address as shown in the Department's records might nullify the effectiveness of the revocation even if the licensee fails to notify the Department of a move, as required by RCW 46.20.205. *See State v. Baker,* 49 Wn. App. 778, 782, 745 P.2d 1335 (1987).