[No. 13380-0-III. Division Three. June 15, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. GREGORY KIRK WHITNEY, *Appellant*.

*Jacqueline G. Newcomb*, for appellant.

*Larry D. Steinmetz, Prosecuting Attorney*, for respondent.

THOMPSON, C.J. — Gregory K. Whitney appeals his convictions and consecutive sentences for driving while license suspended and failure to remain at the scene of an accident. He contends (1) his due process rights were violated by the trial court's admission of the order revoking his driver's license, (2) the burden of proving he knew his license was revoked was unconstitutionally shifted to him, (3) he was denied a fair trial by cumulative errors and prosecutorial misconduct, and (4) his consecutive sentences were unlawful. We affirm.

## FACTS

On January 9, 1990, Mr. Whitney received a ticket for driving while intoxicated and failing to stop at a flashing red light. The ticket was adjudicated, paid, and mailed to the Department of Licensing.

On October 11, 1990, the Department sent a notice of revocation of license to Mr. Whitney, advising him his driving privileges were revoked for five years as a habitual traffic offender. RCW 46.65. The notice was sent certified mail, return receipt requested, to the address shown on Mr. Whitney's driver's license. The mailing procedure complied with the requirements of RCW 46.20.205. The return receipt was signed by Mr. Whitney's mother and returned to the Department.

On November 13, 1992, an accident occurred between two vehicles at an intersection in Spokane County. The driver of a pickup struck the rear of a car which had stopped at the intersection. The passengers in the car were injured and the pickup driver fled the scene. Mr. Whitney, whose father owned the truck, was identified as the driver. Mr. Whitney was charged with failure to remain at the scene of an accident—injured person, RCW 46.52.020, and first-degree driving while license suspended, RCW 46.20.342.

By pretrial motion, Mr. Whitney objected to admission of a certified copy of the Department's October 1991 license revocation order. He contended it was inadmissible because the Department mailed it to the address on his driver's license, not the address on the ticket he received in January 1990. The trial court denied the motion and the order was admitted during trial as State's exhibit 3.

The jury found Mr. Whitney guilty of both counts. He was sentenced to 57 months for failure to remain at the scene and 12 months for driving while license revoked. The sentences were ordered to run consecutively.

## REVOCATION ORDER

### Contentions

Mr. Whitney contends that because the revocation or-

der was mailed to the address shown on his driver's license, not the address on his January 1990 ticket, he was denied procedural due process. Further, admission of the order shifted the burden of proving knowledge of the license suspension to him and unfairly substantiated the State's theory as to his motive for fleeing the scene.

The State contends the procedure for mailing the revocation order satisfied statutory requirements and due process. Further, Mr. Whitney had constructive and inquiry notice of the revocation and admitted at trial he knew of the revocation. The State contends the burden of proof was not shifted to Mr. Whitney because notice is not an element of the crime of driving while license suspended or revoked.

### No Due Process Violation

Procedural due process is required before the suspension of a driver's license becomes effective. *State v. Baker*, 49 Wn. App. 778, 783, 745 P.2d 1335 (1987). Except in emergency situations, due process requires that the driver be given notice and an opportunity to be heard. *Bell v. Burson*, 402 U.S. 535, 29 L. Ed. 2d 90, 91 S. Ct. 1586, 1591 (1971). However, actual receipt of notice is not necessary, so long as the notice was reasonably calculated to inform the affected driver of the pending action and the opportunity to be heard. *Baker*, 49 Wn. App. at 781 (citing *State v. Thomas*, 25 Wn. App. 770, 774, 610 P.2d 937 (1980)). *See generally Martin v. Meier*, 111 Wn.2d 471, 477-78, 760 P.2d 925 (1988) (citing *Wuchter v. Pizzutti*, 276 U.S. 13, 19, 72 L. Ed. 446, 48 S. Ct. 259, 57 A.L.R. 1230 (1928)).

The Department of Licensing is statutorily required to notify a habitual traffic offender of the revocation of his or her driver's license. The notice must be in writing and must be mailed certified mail to his or her "address of record as maintained by the department." RCW 46.65.065.

RCW 46.20.205 requires a driver to notify the Department of any change in address. Such notification must be

made on a written form provided by the Department. RCW 46.20.205 further states:

> The written notification is the *exclusive means* by which the *address of record* maintained by the department concerning the licensee . . . may be changed. *Any notice* regarding the cancellation, suspension, revocation, probation, or nonrenewal of the driver's license . . . *mailed to the address of record* of the licensee . . . *is effective* notwithstanding the licensee's . . . failure to receive the notice.

(Emphasis ours.)

Here, the Department mailed the revocation notice, certified mail, to the address on Mr. Whitney's current driver's license. Because Mr. Whitney had not sent the Department any change of address as required by RCW 46.20.205, his driver's license address was "the address of record." Notwithstanding the statutory provisions, Mr. Whitney contends his due process rights were violated. He relies primarily on *Baker, Seattle v. Foley*, 56 Wn. App. 485, 489, 784 P.2d 176, *review denied*, 114 Wn.2d 1016 (1990) and *State v. Vahl*, 56 Wn. App. 603, 610, 784 P.2d 1280, *review denied* 114 Wn.2d 1021 (1990).

In *Baker*, the defendant's license expired in 1981 and was not renewed because he left the state. The defendant returned to Washington and in July 1984 was stopped in Yakima for a traffic infraction. He gave a Pasco address. In March 1985, the Department mailed notice of a suspension order to Mr. Baker at the address given when he originally applied for his license. In May 1985, he was stopped again because his vehicle had no front license plate. A week later, he was caught speeding and was cited for driving while license suspended. Mr. Baker contended the notice of suspension denied him due process because the Department did not use the address on the notice of traffic infraction. *Baker* concluded that in light of the Department's knowledge of Mr. Baker's most recent address, the notice was inadequate and deprived him of due process.

■ RCW 46.20.205 has been amended since *Baker*.[1] It now states that a driver's notice of address change on a Departmental form is the *exclusive means* of changing the address of record and the mailing of a revocation notice to the address of record is effective whether or not it is actually received. As both parties recognize, the Legislature is presumed to be aware of past judicial interpretations when amending statutes. *In re Proceedings of King County for Foreclosure of Liens*, 117 Wn.2d 77, 86, 811 P.2d 945 (1991); *Woodson v. State*, 95 Wn.2d 257, 262, 623 P.2d 683 (1980); *Department of Licensing v. Ramirez*, 34 Wn. App. 430, 434, 661 P.2d 1009 (1983). The facts in *Baker* are also distinguishable because the address used for mailing notice to Mr. Baker came from his original driver's license application. Unlike Mr. Whitney, Mr. Baker did not have a current Washington driver's license.

Mr. Whitney contends the amendments to RCW 46.20.205 are of no significance because *Foley* and *Vahl* applied *Baker* notwithstanding those amendments. However, the notice in *Foley* was mailed in 1986 and the notice in *Vahl* was mailed in 1984. The 1989 statutory amendments were thus of no consequence in either case.[2]

---

[1] *See* Laws of 1989, ch. 337, § 6, which amended the statute as follows:

"Whenever any person after applying for or receiving a driver's license ((shall)) or identicard moves from the address named in ((such)) the application or in the license or identicard issued to him or her or when the name of a licensee or holder of an identicard is changed by marriage or otherwise ((such)), the person shall within ten days thereafter notify the department in writing on a form provided by the department of his or her old and new addresses or of such former and new names and of the number of any license then held by him or her. The written notification is the exclusive means by which the address of record maintained by the department concerning the licensee or identicard holder may be changed. Any notice regarding the cancellation, suspension, revocation, probation, or nonrenewal of the driver's license, driving privilege, or identicard mailed to the address of record of the licensee or identicard holder is effective notwithstanding the licensee's or identicard holder's failure to receive the notice."

RCW 46.20.205 was again amended by Laws of 1994, ch. 57, § 52, effective January 1, 1995. However, the amendment is of no significance to this appeal.

[2] Mr. Whitney also contends the Department ignored its own written policy by using the address shown on his current driver's license. However, he has failed to establish that the policy appended to his reply brief was in effect at the

■■ A statute is presumed constitutional and the challenging party has the burden of proving it is unconstitutional beyond a reasonable doubt. *Department of Ecology v. State Fin. Comm.*, 116 Wn.2d 246, 253, 804 P.2d 1241 (1991); *Sator v. Department of Revenue*, 89 Wn.2d 338, 346, 572 P.2d 1094 (1977). Mr. Whitney has failed to show how the requirement that a driver notify the Department of an address change is unreasonable or why it would be reasonable to require the department to go through every document received from law enforcement agencies, courts, insurance companies, and others to ascertain whether there might be a change in the address of a driver different from that shown on the driver's current license. The mailing of a notice, certified mail, return receipt requested, to the address on a driver's current license under circumstances where the driver has not advised the Department of any address change is a procedure which, if followed, creates a reasonable probability that the driver will receive actual notice. Notice is proper for due process purposes if, under the circumstances, it is reasonably calculated to apprise interested parties of an action. *Martin*, at 477-78; *Baker*, at 781.

Mr. Whitney also contends the Legislature did not intend the amendments of RCW 46.20.205 to nullify the due process requirements of RCW 46.65.065. However, the latter statute states that notice must be mailed to the driver's "address of record as maintained by the department." RCW 46.65.065 and RCW 46.20.205 are consistent and nothing in the former statute or the manner of sending notice in this case "nullifies" the latter.

## Burden of Proof

Mr. Whitney contends the admission of State's exhibit 3 allowed the jury to improperly assume he knew his license was revoked when he was driving on November 13, 1992, and shifted the burden of proving an element of the crime to him.

---

time of notification. We note that it predates the effective date of the 1989 amendments to RCW 46.20.205.

514

■ RCW 46.20.342(1) makes it unlawful "for any person to drive a motor vehicle in this state while that person is in a suspended or revoked status or when his or her privilege to drive is suspended or revoked in this or any other state." It is not necessary to prove actual notice of suspension or revocation of a license as an element of the crime. *Vahl*, at 606-08; *Thomas*, at 774; *State v. Darnell*, 8 Wn. App. 627, 631, 508 P.2d 613, *review denied*, 82 Wn.2d 1007 *and cert. denied*, 414 US 1112 (1973). Therefore, there was no impermissible shifting of the burden of proof.

With regard to Mr. Whitney's contention the State relied on exhibit 3 to establish motive, the argument is not supported by the record, nor did Mr. Whitney object on this basis or request an appropriate instruction. *State v. Russell*, 33 Wn. App. 579, 588, 657 P.2d 338 (1983), *aff'd in part, rev'd in part on other grounds*, 101 Wn.2d 349, 678 P.2d 332 (1984).

### Fair Trial
### Contentions

Mr. Whitney contends that evidence of his criminal history was improperly admitted on two occasions. First, when a state trooper was asked to identify an exhibit which included a certified copy of the license revocation order and an abstract of his driving record, the trooper testified:

> This is a certified copy of Mr. Whitney's driving record from the State of Washington . . . showing what the status was of his driver's license at the time he was driving and all of the arrests that he's had.

The trial court ruled that the trooper could not testify as to the convictions shown on the abstract. The proffered exhibit was admitted, but without the abstract of Mr. Whitney's driving record. Mr. Whitney did not request a cautionary instruction, nor was one given. He did not make a motion to strike the reference to the arrests.

The second occasion Mr. Whitney complains of occurred when the prosecutor asked his father whether he remem-

bered telling an investigating officer about his son's "former history." The trial court sustained Mr. Whitney's objection to the question. Mr. Whitney then moved for mistrial based on his father's remark and the trooper's response. The motion was denied. Mr. Whitney contends the trial court erred in denying the motion because the testimony resulted in incurable prejudice. He also contends that eliciting the statements constituted prosecutorial misconduct.

## No Abuse of Discretion

 The refusal to grant a mistrial in a criminal prosecution is reviewed under the abuse of discretion standard. *State v. Crane*, 116 Wn.2d 315, 332-33, 804 P.2d 10, *cert. denied*, 501 U.S. 1237 (1991). Abuse of discretion occurs if there has been an error and a substantial likelihood exists that resulting prejudice affected the jury's verdict. *Crane*, 116 Wn. 2d at 332-33. The defendant must have been so prejudiced that only a new trial will ensure a fair trial. *State v. Mak*, 105 Wn.2d 692, 701, 718 P.2d 407, *cert. denied*, 479 U.S. 995 (1986).

In denying Mr. Whitney's motion for mistrial, the trial court reasoned that there had been no identification as to the nature of the offenses and, because one of the charges he was being tried for was driving while license revoked, there would be some driving history revealed anyway. We agree. We fail to see how the objected-to testimony could have affected the verdict. *Crane.* The trial court did not abuse its discretion in denying Mr. Whitney's motion for mistrial.

## Prosecutorial Misconduct

██ As to prosecutorial misconduct, the trial court understandably expressed displeasure at the prosecutor's inquiries directed to the trooper and Mr. Whitney's father, but did not find deliberate or intentional prosecutorial misconduct. Acts of misconduct are reviewed under the clearly erroneous standard. *State v. Cochran*, 51

Wn. App. 116, 120, 751 P.2d 1194, *review denied*, 110 Wn. 2d 1017 (1988). The standard for misconduct was not met. *Cochran.*

Mr. Whitney also contends he was prejudiced when the prosecution failed to disclose his father's pretrial written statement used for impeachment purposes during trial.

CrR 4.7(a)(1)(i) requires a prosecutor to provide a defendant with statements made by a witness to be called at trial. If the prosecution withholds evidence favorable to the defense, the determinative question as to the need for a new trial is if the evidence was material to guilt or punishment. *In re Rice*, 118 Wn.2d 876, 887, 828 P.2d 1086 *cert. denied*, 113 S. Ct. 421 (1992).

Mr. Whitney's father gave the State Patrol a statement that he saw his son with the keys to his pickup in his pocket after the accident. This evidence was relevant for purposes of establishing who was driving the pickup at the time of the accident. However, it was not material insofar as there was other evidence sufficient to establish who was driving. As stated in *Rice*, 118 Wn. 2d at 887, "Evidence is material 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different' " (quoting *United States v. Bagley*, 473 U.S. 667, 682, 87 L. Ed. 2d 481, 105 S. Ct. 3375 (1985)).

Mr. Whitney also assigns error to the following question asked of a witness because it mischaracterized the witness' prior testimony:

> Q. About how long was it that you caught a glimpse of Mr. Whitney [at the accident scene]? Can you estimate the amount of time that you saw him?

The witness had not identified Mr. Whitney. The trial court sustained Mr. Whitney's objection to the prosecutor's question and told her to rephrase it. By doing so, there was no abuse of discretion by the trial court and no prejudicial error occurred.

■ Finally, although a defendant's right to a fair trial may be based on the cumulative effect of many instances of misconduct, review of the entire record shows that Mr. Whitney was afforded a fair trial. *State v. Torres*, 16 Wn. App. 254, 264, 554 P.2d 1069 (1976).

## CONSECUTIVE SENTENCES

■ Mr. Whitney contends RCW 9.94A.400(1)(a) requires a sentencing court to state reasons justifying an exceptional sentence when imposing a sentence for a misdemeanor conviction to run consecutively to a sentence for a felony conviction. We rejected such contention in *State v. Langford*, 67 Wn. App. 572, 837 P.2d 1037 (1992), *review denied*, 121 Wn.2d 1007 *and cert. denied*, 114 S. Ct. 118 (1993). As *Langford* noted at pages 587-88, the Sentencing Reform Act of 1981 (SRA) applies only to felony sentences and does not limit the judge's discretion in imposing a sentence for a misdemeanor conviction. Mr. Whitney's contentions regarding the total length of his consecutive sentences are similarly rejected by the inapplicability of the SRA to misdemeanors. Finally, we reject Mr. Whitney's contentions that the crimes involved the same course of conduct.

We affirm.

SWEENEY and SCHULTHEIS, JJ., concur.

Review denied at 128 Wn.2d 1003 (1995).