977 P.2d 606 (1999)
95 Wash.App. 537
STATE of Washington, Respondent,
v.
Raymond Clyde MARKS, Appellant.
No. 16441-1-III.
Court of Appeals of Washington, Division 3, Panel One.
April 1, 1999.
Publication Ordered May 25, 1999.
Brian K. Dykman, Marc R. Roecks, Roecks Law Firm Pc, Spokane, for Appellant.
Janet G. Gemberling, Deputy Prosecuting Attorney, Spokane, for Respondent.
SWEENEY, A.C.J.
The Sentencing Reform Act of 1981(SRA), RCW 9.94A, only applies to felonies. RCW 9.94A.010; State v. Whitney, 78 Wash.App. 506, 517, 897 P.2d 374, review denied, 128 Wash.2d 1003, 907 P.2d 297 (1995). On July 10, 1995, Raymond Marks pleaded guilty to a misdemeanor. He was ordered to pay restitution under the SRA restitution statute, RCW 9.94A.142, which requires that restitution be set within 180 days after sentencing is imposed. The trial court did not set restitution until January 1997. Mr. Marks contends the court erred in determining the amount of restitution more than 180 days after he was sentenced. Since RCW 9.95.210(2) or RCW 9.92.060(2) are the operative statutes and neither imposes a time limit, we find no error and affirm.

FACTS
On July 10, 1995, Raymond Marks pleaded guilty to one count of third degree malicious mischief under RCW 9A.48.090. The court imposed a 365-day suspended sentence and two years' probation. Mr. Marks was also ordered to pay restitution. The determination of Mr. Marks' restitution was contingent on a restitution order in a separate criminal case involving his brother, Robert Marks.
On July 25, 1995, the deputy prosecutor responsible for the case was incapacitated by illness. So Mr. Marks' restitution hearing was rescheduled for March 1996. He objected because the court failed to comply with the 180-day time limit of RCW 9.94A.142. He also objected to the date because restitution had not been ordered in his brother's case. The court found that the deputy prosecutor's *607 illness was good cause for the delay. RCW 9.94A.142. The court continued Mr. Marks' restitution hearing until after the determination of his brother's restitution amount.
After his brother was ordered to pay restitution, a hearing to determine Mr. Marks' restitution requirement was set for September 27, 1996. At Mr. Marks' request, the hearing was rescheduled for October 16. Due to a trial court scheduling conflict, Mr. Marks' restitution hearing was again continued until November 7.
At the hearing, Mr. Marks renewed his objection to the hearing. The court ruled that although the restitution determination was continued beyond the 180-day limit, the delay was for good cause and did not result in any prejudice. The restitution hearing was finally concluded on January 7, 1997. Mr. Marks was ordered to pay restitution in the amount of $4,400. This amount was later amended to $3,220 on January 15, 1997.

ANALYSIS
Mr. Marks contends the court erred in determining his restitution amount more than 180 days after he was sentenced.
The authority to order restitution is statutory. State v. Hennings, 129 Wash.2d 512, 519, 919 P.2d 580 (1996); State v. Davison, 116 Wash.2d 917, 919, 809 P.2d 1374 (1991). The trial court incorrectly ordered restitution pursuant to RCW 9.94A.142. RCW 9.94A.142 is part of the SRA. Hennings, 129 Wash.2d at 519, 919 P.2d 580. Mr. Marks was convicted of third degree malicious mischief under RCW 9A.48.090, a misdemeanor or gross misdemeanor. The SRA applies only to felonies. Whitney, 78 Wash.App. at 517, 897 P.2d 374.
"An award of restitution for a misdemeanor offense is authorized under RCW 9.92.060(2) and RCW 9.95.210(2), both of which allow the court to require the defendant `to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question ...'." State v. Soderholm, 68 Wash.App. 363, 377, 842 P.2d 1039(1993). Since Mr. Marks was given a suspended sentence and probation, RCW9.92.060(2) and RCW 9.95.210(2) were the applicable statutes:
RCW 9.95.210. Conditions of probation.
. . . .
(2) ... As a condition of probation, the superior court shall require the payment of the penalty assessment required by RCW 7.68.035. The superior court may also require the defendant to make such monetary payments, on such terms as it deems appropriate under the circumstances, as are necessary: ... (b) to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question....
RCW 9.92.060. Suspending sentences.
. . . .
(2) ... As a condition to suspension of sentence, the superior court shall require the payment of the penalty assessment required by RCW 7.68.035. In addition, the superior court may require the convicted person to make such monetary payments, on such terms as the superior court deems appropriate under the circumstances, as are necessary: ... (b) to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question....
Unlike RCW 9.94A.142, neither of these imposes a time limit.
We can affirm on an alternate theory if it is established by the pleadings and supported by proof. State v. Collins, 110 Wash.2d 253, 258 n. 2, 751 P.2d 837 (1988). Here, the pleadings or proof confirm that the order of restitution should be affirmed on the basis of either RCW 9.92.060(2) or RCW 9.95.210(2). No additional evidence is necessary, as both parties presented evidence in the determination of the restitution amount. The trial court determined the restitution amount based on this evidentiary presentation. No error is assigned to the determination of this restitution amount.
*608 We therefore affirm the trial court's order of restitution.
BROWN and KATO, JJ., concur.