[No. 29274-9-I.    Division One.    November 1, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM RAMOS
ECHEVARRIA, *Appellant.*

*Andrew Paul Stanton* of *Washington Appellate Defender
Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Jennifer K. Ryan
Gilman, Deputy,* for respondent.

PER CURIAM. — William Ramos Echevarria appeals from the judgment and sentence entered following his conviction for delivery of cocaine. The matter has been referred for accelerated review pursuant to RAP 18.12. We reverse and remand for a new trial.

This case involves an undercover drug buy in downtown Seattle. Officer Douglas Vandergiesen testified that he was an observer for the police drug team. He testified that he watched Officer Clifton Paige walk along Pike Street and then turn onto Second Avenue. He saw Paige contact Echevarria and shake hands. Another person joined them. Vandergiesen saw them doing something with their hands, but could not determine exactly what occurred. Shortly thereafter, Paige walked away and signaled that he had made a drug transaction. Vandergiesen saw other police officers approach and arrest Echevarria. The third person was arrested nearby.

Officer Paige's testimony was substantially similar to Vandergiesen's description of the transaction. He testified that after Echevarria contacted him, a third man approached and handed the drugs to Echevarria, who gave them to Paige. Paige gave the money to Echevarria and walked away. Officers on the arrest team testified they arrested Jose Same, the man who had provided the drugs to Echevarria. They searched Same and found the $40 that Paige had photocopied and used in the drug buy.

At trial, the prosecutor[1] began his opening statement by referring at length to the "war on drugs". He remarked that the jurors knew from the news the identities of the "commanders" and "generals" of the war on drugs. He stated that the trial would not be about these leaders, but rather about the "enlisted men or the recruits" who become involved in drugs "for the power or the money or the greed or peer pressure". The defense promptly objected to the initial remarks

---

[1]The State is represented by different counsel on appeal.

on the grounds that it was "incredibly argumentative" but was overruled. The prosecutor continued to discuss the "war on drugs", referring to the "battlefield of our own streets, our own neighborhoods and our own schools".

The prosecutor then stated:

> This country just had a good example of how to fight a war, how a war can be fought successfully. This country has also seen situations where we haven't been as successful. The one thing we have learned is the way to successfully fight a war is to know who your enemy is, to have a strategy and a direct approach.[2]

The prosecutor then proceeded to describe how the police work in teams to combat street drugs.

In closing argument the State and defense counsel each referred once to the war on drugs. The jury convicted Echevarria as charged.

Echevarria's sole contention on appeal is that the prosecutor's remarks about the war on drugs and other wars this country has waged deprived him of a fair trial. We agree.

██ In considering allegations of prosecutorial misconduct, this court conducts a 2-step evaluation. The court must first determine whether the comments are improper; then, if they are, the court must consider whether there was a substantial likelihood the comments affected the jury verdict. *State v. Reed*, 102 Wn.2d 140, 145, 684 P.2d 699 (1984). The defense bears the burden of establishing both the impropriety and the prejudicial effect. *State v. Hoffman*, 116 Wn.2d 51, 93, 804 P.2d 577 (1991). Absent a proper objection to the comments at trial, a request for a curative instruction, or a motion for a mistrial, the issue of misconduct cannot be raised on appeal unless the misconduct was so flagrant or ill intentioned that the prejudice could not have been obviated by a curative instruction. *State v. Ziegler*, 114 Wn.2d 533, 540, 789 P.2d 79 (1990); *State v. Belgarde*, 110 Wn.2d 504, 507, 755 P.2d 174 (1988).

---

[2]The trial was held in August 1991. Echevarria asserts, and the State does not dispute, that the remarks about successful and unsuccessful wars refer to the Gulf war and the war in Vietnam.

The State argues that although Echevarria objected to the initial references to the war on drugs, he has not preserved the issue for review because he did not continue to object to the escalating comments. We disagree. We find that the comments were so flagrant and ill intentioned that no curative instruction could have erased their prejudicial effect; hence, the failure to raise further objections does not preclude review. *Belgarde,* at 507-08.

■ The prosecutor's remarks constituted egregious misconduct. "A prosecutor's opening statement should be confined to a brief statement of the issues of the case, an outline of the anticipated material evidence, and reasonable inferences to be drawn therefrom." *State v. Campbell,* 103 Wn.2d 1, 15-16, 691 P.2d 929 (1984), *cert. denied,* 471 U.S. 1094 (1985). "Argument and inflammatory remarks have no place in the opening statement." *State v. Kroll,* 87 Wn.2d 829, 835, 558 P.2d 173 (1976). Appeals to the jury's passion and prejudice are improper. *State v. Claflin,* 38 Wn. App. 847, 850, 690 P.2d 1186 (1984), *review denied,* 103 Wn.2d 1014 (1985). It is the prosecutor's duty to "seek a verdict free of prejudice and based on reason." *State v. Huson,* 73 Wn.2d 660, 663, 440 P.2d 192 (1968), *cert. denied,* 393 U.S. 1096 (1969). The prosecutor's duty to act impartially derives from his or her position as a quasi-judicial officer. *State v. Kroll, supra* at 835.

The prosecutor's remarks in this case violated all of these tenets regarding the duty to seek a verdict based on the evidence and free of prejudice. We reject the possibility that even a carefully worded cautionary instruction could have cured the prejudicial effect of the improper remarks. *State v. Powell,* 62 Wn. App. 914, 919, 816 P.2d 86 (1991), *review denied,* 118 Wn.2d 1013 (1992). The prosecutor's repeated improper references to the war on drugs set the tone for the entire trial. In particular, his comments about the "battlefield" in our neighborhoods and schools and his oblique references to the Gulf war and the Vietnam war were a deliberate appeal to the jury's passion and prejudice. Such inflammatory remarks have no place in the opening statement. *State*

*v. Kroll, supra* at 835. We view his extensive remarks as a blatant invitation to the jury to convict the defendant, not on basis of the evidence, but, rather, on the basis of fear and repudiation of drug dealers in general. *See United States v. Solivan*, 937 F.2d 1146 (6th Cir. 1991) (prosecutor's appeal to the jury to convict in order to tell the defendant and other drug dealers that the jurors did not want drugs in their community held to be reversible error). In the current climate of public concern and fear about drugs and crime, such comments are a serious breach of the prosecutor's duty to seek a verdict based on reason and cannot be tolerated.

The misconduct was flagrant and highly prejudicial; we conclude that there is a substantial likelihood that this extreme departure from the prosecutor's proper role as a quasi-judicial officer affected the verdict. *State v. Belgarde, supra* at 508. We agree with Echevarria the comments so colored the proceedings that he was denied a fair trial.

We reverse the judgment and sentence and remand for a new trial.

After modification, further reconsideration denied November 23, 1993.