# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 74824-6-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| DANTE URELL PIGGEE, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: June 19, 2017 |
| | ) | |

Cox, J. – At issue in this appeal is whether the trial court abused its discretion in denying Dante Piggee's motion for a mistrial based on alleged prosecutorial misconduct during opening statement at trial. Because the trial court did not abuse its discretion, we affirm.

Police stopped Piggee while he was driving in Seattle. After he gave the police another person's driver's license, police arrested him for driving with a revoked license. While searching his person incident to arrest, they discovered several plastic bags of heroin.

The State charged Piggee with violating the Uniform Controlled Substances Act by possessing heroin, driving with a suspended or revoked license, and identity theft.

During opening statements, the prosecutor commented on the quantity of heroin found in Piggee's possession. The prosecutor, said that it was "not just a

small amount, not just a user amount, it's about []50 grams of heroin."[1] The transcript has a typographical error where it states "350 grams," instead of "50 grams."[2]

Defense counsel moved for a mistrial, arguing that the prosecution had implied that Piggee was guilty of possessing the heroin with intent to deliver it. The trial court denied the motion but instructed the State not to ask witnesses about the quantity of heroin one would possess for personal or commercial use.

In closing argument, defense counsel conceded that some of the substance found on Piggee was heroin. The jury found Piggee guilty of violating the Uniform Controlled Substances Act and driving with a suspended or revoked license. The trial court entered its judgment and sentenced on the jury verdict.

Piggee appeals.

## MISTRIAL MOTION

Piggee argues that he was denied his right to a fair trial when the prosecutor argued uncharged and more serious crimes in her opening statement. This argument is couched in terms of alleged prosecutorial misconduct that was the basis of his unsuccessful motion for mistrial below. We hold that the trial court did not abuse its discretion in denying his motion.

A trial court may grant a new trial "when it affirmatively appears that a substantial right of the defendant was materially affected . . . [by m]isconduct of

---

[1] Report of Proceedings (September 16, 2015) at 225.

[2] Brief of Respondent at 3 n.2; see also Clerk's Papers at 5; Report of Proceedings (September 16, 2015) at 228.

the prosecution."[3] We review for abuse of discretion the trial court's order denying a new trial on the basis of prosecutorial misconduct.[4]

To show prosecutorial misconduct, the defendant must show the "'prosecutor's conduct was both improper and prejudicial in the context of the entire record and the circumstances at trial.'"[5]

*Improper Argument*

Piggee argues that the prosecutor made an improper argument in opening statements. We disagree.

The prosecution should confine opening statements "to a brief statement of the issues of the case, an outline of the anticipated material evidence, and reasonable inferences to be drawn therefrom."[6] In presenting this statement, the prosecutor should avoid "[a]rgument and inflammatory remarks."[7] The prosecutor should instead "seek a verdict free of prejudice and based on reason."[8]

A prosecutor's comment may be improperly inflammatory when it threatens to provoke a jury's passion regarding drug crimes. State v. Echevarria[9]

---

[3] CrR 7.5(a)(2).

[4] State v. Dawkins, 71 Wn. App. 902, 906, 863 P.2d 124 (1993).

[5] State v. Magers, 164 Wn.2d 174, 191, 189 P.3d 126 (2008) (quoting State v. Hughes, 118 Wn. App. 713, 727, 77 P.3d 681 (2003)).

[6] State v. Campbell, 103 Wn.2d 1, 15-16, 691 P.2d 929 (1984).

[7] State v. Kroll, 87 Wn.2d 829, 834-35, 558 P.2d 173 (1976).

[8] State v. Huson, 73 Wn.2d 660, 663, 440 P.2d 192 (1968).

[9] 71 Wn. App. 595, 860 P.2d 420 (1993).

is instructive. In that case, the State charged William Ramos Echevarria with delivering cocaine.[10] In opening statement, the prosecutor had repeatedly referred to the war on drugs.[11] He "remarked that the jurors knew from the news the identities of the 'commanders' and 'generals' of the war on drugs."[12] He spoke of how the "'enlisted men'" in this war "bec[a]me involved in drugs 'for the power or the money or the greed or peer pressure.'"[13] He made coded references to the Vietnam and Gulf Wars, stating that the latter provided "'a good example of how to fight a war . . . [.] The one thing we have learned is the way to successfully fight a war is to know who your enemy is, to have a strategy and a direct approach.'"[14] The prosecutor implied that the anti-drug police team that investigated Echevarria had adopted such a strategy and approach.

This court characterized such language as "egregious misconduct."[15] As "a deliberate appeal to the jury's passion and prejudice," it "set the tone for the entire trial."[16] This court concluded that the statements asked the jury to convict

---

[10] Id. at 596.

[11] Id.

[12] Id.

[13] Id.

[14] Id. at 597.

[15] Id. at 598.

[16] Id.

4

"not on basis of the evidence, but, rather, on the basis of fear and repudiation of drug dealers in general."[17]

It is also improper for the prosecution to reference uncharged crimes in an opening statement. The supreme court addressed such a reference at length in State v. O'Donnell.[18] In that case, the State charged Joseph and John O'Donnell for murdering two police officers.[19] The O'Donnells had criminal records for burglary and robbery.[20] The prosecutor highlighted the uncharged crimes in opening statement, stating that "in view of the other burglaries and the records that will show from the evidence, the [S]tate is going to ask you to hang these two men."[21]

The supreme court concluded that such language violated several basic principles of our criminal justice system.[22] It presented inadmissible propensity evidence, invited the jury to impose death for crimes other than those charged, and unconstitutionally required the defendants either testify or "rest under the imputation" of the other collateral crimes.[23]

---

[17] Id. at 599.

[18] 191 Wash. 511, 71 P.2d 571 (1937).

[19] Id. at 512.

[20] Id. at 513.

[21] Id.

[22] Id.

[23] Id.

Here, the prosecutor, in opening statement, characterized the heroin found on Piggee as "not just a small amount, not just a user amount, it's about []50 grams of the heroin."[24]

Defense counsel moved for a mistrial. She argued that such language "suggested that Mr. Piggee committed a crime greater than that which he is charged with."[25] She characterized it as "opinion testimony" suggesting that Piggee could have been charged with the greater crime of possession with intent to deliver.[26]

The trial court denied the motion but "instruct[ed] the State not to ask any questions of witnesses regarding opinions about . . . what quantity one might possess for personal use versus what quantity one might possess for other reasons."[27] But the court also stated that the prosecution witnesses could describe what "they took and they can describe how it's packaged" so long as the jury was not led to speculate about delivery.[28]

The prosecutor's comment is not improper because it is unlike those in Echevarria and O'Donnell. Unlike in Echevarria, the prosecution made no inflammatory reference to the dangers of the drug trade or the character of those involved. And unlike in O'Donnell, the comment did not impute guilt for

---

[24] Report of Proceedings (September 16, 2015) at 225.

[25] Id. at 227.

[26] Id. at 229.

[27] Id. at 230.

[28] Id.

possession with intent to deliver, require Piggee to testify in response, or admit improper evidence. It was, rather, a characterization of the amount of drugs as neither "small" nor for a "user."

This was not misconduct.

### Prejudice

Piggee next argues that the prosecutor's comment prejudiced the result at trial. We disagree.

In order to show prejudice, the defendant must show a "substantial likelihood exists that the improper statements affected the jury's verdict."[29] Piggee does not explain why the comment was prejudicial, except to state without elaboration that a "cautionary instruction could not have cured the prejudice to Mr. Piggee."[30] Such a remark, without more, does not satisfy his burden.

Further, the record strongly suggests that the jury would have convicted Piggee of possession regardless of the comment. Defense counsel conceded in closing argument that "[s]omething in [bags belonging to Piggee] is heroin, but not everything in here has been established to be heroin."[31] The statute under which Piggee was charged requires that the defendant possess a controlled substance in any quantity.[32] And the jury instructions did not require the jury to

---

[29] Magers, 164 Wn.2d at 191.

[30] Appellant's Opening Brief at 7.

[31] Report of Proceedings (September 17, 2015) at 411.

[32] RCW 69.50.4013.

find that Piggee possessed a specific quantity.  In sum, Piggee cannot show a substantial likelihood that the comment at issue affected his verdict.

We affirm the judgment and sentence.

_Cox, J._

WE CONCUR:

_Dwyer, J._                                    _Becker, J._

FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
2017 JUN 19 AM 9:15