IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36473-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| LISA ANN MICHAEL, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Lisa Michael appeals her conviction and sentence for second degree assault. We affirm.

## FACTS

Lisa Michael and an associate confronted a woman named Selena Joe over a missing cell phone. According to Ms. Joe, the confrontation began when she was awakened by someone hitting her in the face. A verbal dispute ensued and then things again became physical. After receiving several blows from Ms. Michael and her associate, Ms. Joe grabbed a large glass vase. She used it to strike Ms. Michael in the head. Ms. Michael and her associate then gained control of the vase. Ms. Michael hit Ms. Joe in the back of the head with the vase, causing a minor cut.

After the fight subsided, Ms. Joe called the police. Ms. Michael was arrested and charged with second degree assault based on her use of the vase. When the police

interviewed Ms. Michael, she denied hitting Ms. Joe. She claimed she was the victim of

an unprovoked attack.

The case proceeded to a jury trial. Ms. Michael testified she had little memory of

the fight, but stated she never hit Ms. Joe. She claimed to have physical ailments that

would have prevented her from starting a fight with anyone.

Ms. Michael's attorney challenged the State's case by undermining Ms. Joe's

credibility. Although the court agreed to issue a self-defense instruction, defense counsel

spent almost no time arguing self-defense. Counsel merely commented that "if Ms.

Michael punched or pushed Ms. Joe, it was in self-defense." 1 Report of Proceedings

(RP) (Oct. 2, 2018) at 270. Counsel also made the argument that Ms. Joe "wasn't"

engaged "in self-defense." *Id.* at 273.

The jury convicted Ms. Michael as charged. At sentencing, the court denied

Ms. Michael's request for a downward departure and imposed a low-end sentence of

22 months' confinement.

## ANALYSIS

Ms. Michael makes two challenges to her conviction and one to her sentence; we

address each in turn.

*1. Conviction challenge—sufficiency of the evidence*

Ms. Michael contends the State's evidence was insufficient to disprove self-defense. To succeed in this argument, Ms. Michael must demonstrate that, viewing the evidence in the light most favorable to the State, no reasonable juror could have found the essential elements of the crime beyond a reasonable doubt. *State v. Cardenas-Flores*, 189 Wn.2d 243, 265-66, 401 P.3d 19 (2017). She has not met that standard.

Washington abides by the "long standing rule . . . that a criminal assault requires [the use of] unlawful force." *State v. Acosta*, 101 Wn.2d 612, 618, 683 P.2d 1069 (1984). Force is lawful if deployed in self-defense. As a result, when a defendant presents some evidence in support of a self-defense claim, the State must prove the absence of self-defense beyond a reasonable doubt. *Id.* at 618-19.

Here, the only evidence of self-defense came from Ms. Joe. According to Ms. Joe, she was the one acting in self-defense, not Ms. Michael. Ms. Joe testified she grabbed the vase "because [she] was scared." 1 RP (Oct. 2, 2018) at 136. Ms. Joe explained she believed Ms. Michael and her associate were not done with their attack, so she used the vase to hit Ms. Michael in the face. After Ms. Joe struck Ms. Michael, Ms. Michael and her associate wrested the vase away from Ms. Joe. Ms. Michael then hit Ms. Joe in the

back of the head with the vase. Ms. Michael and her associate then proceeded to hold

Ms. Joe down and hit her several more times.

Ms. Joe's testimony was sufficient to prove Ms. Michael was not acting in self-defense. Based on the testimony, the jury could have reasonably believed Ms. Joe's use of force was a lawful means of protecting herself from Ms. Michael's ongoing attack. In this circumstance, Ms. Michael would have had no right of self-defense. Alternatively, the jury could have found that Ms. Michael's use of the vase was greater than what was necessary under the circumstances. *See State v. Walden*, 131 Wn.2d 469, 474, 932 P.2d 1237 (1997). By the time Ms. Michael hit Ms. Joe with the vase, she had already taken the vase away from Ms. Joe and thereby eliminated any risk to herself. As the incident was recounted by Ms. Joe, there was no need for Ms. Michael to hit Ms. Joe with the vase or to pin her down and continue the attack. The record more than adequately justifies the jury's guilty verdict.

## 2. Conviction challenge—prosecutorial misconduct

For the first time on appeal, Ms. Michael claims the prosecutor committed misconduct in rebuttal by making the following argument:

> The first injury doesn't matter. If you read your instruction, it's an assault. It's that—if Lisa Michael, if you find that she struck, touched or in any offensive manner did any of those things to Selena Joe, it doesn't matter if

4

> Selena Joe got the vase first. It just matters what happened in the beginning of that assault.

2 RP (Oct. 3, 2018) at 274.

There was nothing improper in this remark, let alone an error so egregious that it could not have been remedied by an objection and curative instruction. *See State v. Echevarria*, 71 Wn. App. 595, 597, 860 P.2d 420 (1993) ("Absent a proper objection to the comments at trial, a request for a curative instruction, or a motion for a mistrial[] . . . [a prosecutorial] misconduct [claim is waived unless it] was so flagrant or ill-intentioned that the prejudice could not have been obviated by a curative instruction."). It was appropriate for the jury to consider the entirety of the assault in assessing whether Ms. Joe or Ms. Michael was acting in self-defense. The State's brief remark directing them to do so was not misconduct.

*3. Sentencing challenge—denial of exceptional downward departure*

Appeals of standard range sentences are generally prohibited. RCW 9.94A.585(1). When a defendant assigns error to a standard range sentence, appellate review turns on whether the defendant can establish a material legal error, such as the court's failure to recognize discretion to impose an exceptional sentence downward. *See State v. McFarland*, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017).

Ms. Michael first claims the trial court improperly denied her request for an exceptional sentence downward based on Ms. Joe's willing participation in the fight. Victim wrongdoing is a viable legal basis for a departure. RCW 9.94A.535(1)(a) (An exceptional sentence downward is permissible if, "[t]o a significant degree, the victim was an initiator, willing participant, aggressor, or provoker of the incident."). But here, its application was factually unwarranted. Ms. Joe may have had credibility problems, but so did Ms. Michael. Like the jury, the court had an ample basis to find that Ms. Joe did not initiate the fight and was not a willing participant.

Second, Ms. Michael argues the trial court erroneously failed to recognize its authority to depart downward based on the minor nature of her offense. This is a nonstatutory departure request. RCW 9.94A.535(1) (listed mitigating grounds are "illustrative only" and not "exclusive reasons for exceptional sentences"). As such, its validity turns on whether the circumstances proffered by Ms. Michael distinguish her offenses from other crimes in the same category. *State v. Fowler*, 145 Wn.2d 400, 405, 38 P.3d 335 (2002). Ms. Michael fails to make this showing. Second degree assault with a deadly weapon does not require a specific type of weapon or infliction of injury. RCW 9A.36.021(1)(c). Here, Ms. Joe suffered some injury and the vase used to perpetrate the assault could have resulted in much more serious consequences.

No. 36473-9-III
*State v. Michael*

Ms. Michael's offense did not fall outside the heartland of other similar crimes. The sentencing court appropriately denied Ms. Michael's request for an exceptional sentence downward on this basis.

## CONCLUSION

The judgment and sentence is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:


_____
Korsmo, J.


_____
Fearing, J.