IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36832-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| VLADIMIR BORISOV, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Dr. Vladamir Borisov appeals his convictions and sentences for assault and resisting arrest. We affirm the convictions but remand for resentencing on the resisting conviction and a correction of sentence on the assault.

FACTS

Dr. Vladimir Borisov called law enforcement to his home regarding a dispute over his parenting plan. When an officer arrived, Dr. Borisov was on his front porch, holding a bottle of alcohol. He appeared impaired and drank alcohol in the officer's presence. The officer's interactions with Dr. Borisov led him to call for backup. An officer spoke to Dr. Borisov's wife and Dr. Borisov became increasingly angry. Dr. Borisov grabbed one of the officers by the shoulder and tried to push him. A scuffle ensued. Dr. Borisov was placed under arrest, but remained actively resistant.

The State charged Dr. Borisov with two counts of third degree assault and one count of resisting arrest. The case proceeded to a jury trial.

The court issued a voluntary intoxication jury instruction: "No act committed by a person while in a state of voluntary intoxication is less criminal by reason of that condition. However, evidence of intoxication may be considered in determining whether the defendant acted with intent." Clerk's Papers (CP) at 49.

During summation, the State addressed the issue of voluntary intoxication by pointing out Dr. Borisov's appearance and conduct before the altercation.

> No question that alcohol's at play. But it's got to be enough alcohol to destroy the intent to do something.
> . . . .
> [I]t's the state's position that [the level of intoxication is] not enough to not form that intent to commit these crimes. That's just not there. He did several things that night. He's able to—he is to stand, he is able to talk. Slurring, there's other signs of belligerence, but just not enough.
> You don't have to find that the alcohol—was enough to exacerbate, or to make him angry, or that he's violent when he's drunk. That's not the issue here. It has to be so much that he can't form an intent to do something. That's just not here.

Report of Proceedings (May 13, 2019) at 216-17. Defense counsel did not object to these comments.

The jury convicted Dr. Borisov on one count of third degree assault and resisting arrest; it acquitted him of one of the assault counts.

2

At sentencing, the trial court adopted the State's recommended sentence of 60 days in jail for his assault conviction, followed by 12 months of community custody. A community custody condition required Dr. Borisov to undergo a "substance use disorder evaluation and treatment." CP at 65. For the resisting conviction, the court imposed 364 days in jail with 304 suspended. It also ordered Dr. Borisov to read "three books on Domestic Violence and how it affects children" and to write and file with the court a five-page report on each. *Id*. at 67.

Dr. Borisov timely appeals.

ANALYSIS

*Prosecutor's statements during summation*

Dr. Borisov argues the prosecutor committed misconduct in summation by misstating the law of involuntary intoxication. He also argues his attorney provided ineffective assistance in failing to object to the prosecutor's statements. We reject both claims.

A defendant alleging prosecutorial misconduct must show the prosecutor's actions were both improper and prejudicial. *State v. Weber*, 159 Wn.2d 252, 270, 149 P.3d 646 (2006). An unpreserved claim of misconduct will not result in appellate relief unless the prosecutor's conduct was "so flagrant or ill-intentioned that the prejudice could not have

been obviated by a curative instruction." *State v. Echevarria*, 71 Wn. App. 595, 597, 860 P.2d 420 (1993).

We disagree with Dr. Borisov's claim that the prosecutor's comments conveyed that proof of intent only required proof of ability to form some sort of intent, instead of the ability to form the intent required of the two crimes at issue. The prosecutor was not arguing abstractions; he was pointing out circumstantial evidence. The prosecutor claimed Dr. Borisov's actions leading up to the assault showed he was capable of forming the requisite intent for the charged offenses. This line of argument is consistent with how courts have assessed voluntary intoxication evidence. *See, e.g.*, *State v. Webb*, 162 Wn. App. 195, 210, 252 P.3d 424 (2011); *State v. Garbyschak*, 83 Wn. App. 249, 254-55, 921 P.2d 549 (1996). There was no misconduct.

Because there was no misconduct, defense counsel was not ineffective for failing to object. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 58, 296 P.3d 872 (2013). Dr. Borisov has therefore failed to establish a basis for undermining his convictions.

*Sentencing*

The parties agree resentencing is required because the trial court exceeded the statutory maximum penalty in imposing sentence for Dr. Borisov's resisting conviction. Resisting arrest is a simple misdemeanor, punishable by no more than 90 days in jail.

RCW 9A.76.040(2); RCW 9A.20.021(3). The trial court's sentence of 364 days with 304 suspended exceeded this maximum term. Given this circumstance, resentencing is required.

In addition to challenging his term of incarceration, Dr. Borisov claims the court illegally imposed two sentencing conditions. As part of the community custody conditions for Dr. Borisov's assault conviction, the court required a substance use disorder evaluation and treatment. A condition of Dr. Borisov's resisting condition was that he write several book reports. The State concedes both challenges.[1]

We accept the State's concession regarding the community custody condition. There is no indication Dr. Borisov's crime was driven by drug use. The substance at issue was alcohol. Under the Sentencing Reform Act of 1981, chapter 9.94A RCW, a community custody condition requiring treatment must be crime related. RCW 9.94A.703(3)(c). Given this legal framework, Dr. Borisov's judgment and sentence must be amended to specify alcohol treatment instead of substance use disorder treatment. *State v. Munoz-Rivera*, 190 Wn. App. 870, 892-93, 361 P.3d 182 (2015).

---

[1] Community custody is authorized under the Sentencing Reform Act of 1981, chapter 9.94A RCW, which applies only to felonies. RCW 9.94A.010. Community custody is inapplicable to Dr. Borisov's misdemeanor conviction for resisting arrest. *See State v. Whitney*, 78 Wn. App. 506, 517, 897 P.2d 374 (1995).

Because we reverse Dr. Borisov's sentence for resisting arrest, we need not address his challenge to the book report condition. This issue is not likely to come up on remand since the State concedes the book report condition was improper.

CONCLUSION

Dr. Borisov's convictions are affirmed. This matter is remanded for resentencing on Dr. Borisov's misdemeanor conviction for resisting arrest. The community custody condition requiring a substance use disorder evaluation and treatment shall be modified to require only an alcohol evaluation and recommended treatment.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Fearing, J.

6