[No. 1547-2.   Division Two.   May 27, 1976.]

UNITED PACIFIC INSURANCE COMPANY, *Respondent*, v. DISCOUNT COMPANY, ET AL, *Appellants*.

560

T. *Hughlon McDowell* (*Ralf H. Erlandson* and *Erlandson & Reisbick,* of counsel), for appellants.

*Arnold B. Robbins* and *Stephen A. Cohen* (of *Breskin, Rosenblume & Robbins*), for respondent.

PETRIE, C.J.—A default judgment was entered against defendants in the sum of $145,778 on September 19, 1973. Following motions to vacate the judgment and presentation of evidence as to the manner in which the summons was served, the court entered an order vacating only that portion of the judgment in excess of $36,423. Defendants have appealed, contending the entire judgment should have been vacated. We affirm the trial court.

The essential issue on appeal is whether there was substantial evidence before the trial court to support its conclusion that service of process was validly effected upon defendant Phyllis L. Norelius, the only party upon whom service was directly attempted. Mrs. Norelius was both the secretary of defendant Discount Company and the wife of defendant Richard R. Norelius. Defendants contend that Mrs. Norelius was never served with summons, but they do not assert that service upon her would be insufficient service upon the corporation and the marital community.

There is evidence in the record from which the trial court could have found that the plaintiff's process server, armed with the summons and complaint, approached the usual abode of defendants Norelius on July 30, 1973, and that an adult woman, whom he subsequently identified as Phyllis Norelius, opened the front door and the following event took place:

A. . . . I said, "Mrs. Norelius?" and she said, "Yes," and I then asked if Richard Norelius was in and she told me he was out of town for about another week.

. . .

A. When she said that he was out of town another week I then asked if she was Phyllis. I said, "You are Phyllis, his wife?" and she gave me a long pause and then said, "What do you want?" At that point I told her I had some legal papers for her and she slammed the door, knocking the papers from my hand.

Q. What happened then?

A. I hollered out that she had been legally served, and I left.

The process server did not testify that Mrs. Norelius touched the papers, but he explained: "I held the papers out and as the door slammed it touched the papers and I let go."

RCW 4.28.080 provides in part:

The summons shall be served by *delivering* a copy thereof, as follows:

. . .

(9) If the suit be against a company or corporation other than those designated in the preceding subdivisions of this section, to the president or other head of the company or corporation, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, secretary, cashier or managing agent.

. . .

(14) In all other cases, to the defendant personally, *or by leaving a copy of the summons at the house of his usual abode* with some person of suitable age and discretion then resident therein.

Service made in the modes provided in this section shall be taken and held to be personal service.

(Italics ours.)

We have held, under a substantially different factual setting, that a defendant may authorize the process server *to leave* papers at a place where they can be easily retrieved, rather than *to physically hand* them to the defendant, *Thayer v. Edmonds*, 8 Wn. App. 36, 503 P.2d 1110 (1972), and that performance as authorized constitutes sufficient compliance with the statute to satisfy the requirement of "delivery."

The facts in the case at bench demonstrate a clear

attempt by the process server to yield possession and control of the documents to Mrs. Norelius while he was positioned in a manner to accomplish that act. Normal "delivery" thereof would have been effected upon Mrs. Norelius except for her obvious attempt to evade service by slamming the door after the papers had been held out to her. The summons need not actually be placed in the defendant's hand. We find, as did the trial court, that facts in the record support a conclusion that "delivery" occurred and service was effected.

We hold, therefore, all defendants were validly served with summons and complaint, the court had jurisdiction to enter a judgment against the corporation and the marital community, and the judgment was not void.

Finally, defendants contend that the trial court should have vacated the judgment for several of the other reasons set forth in CR 60(b). A motion to vacate a default judgment for reasons provided under CR 60(b) is addressed to the sound discretion of the trial court. *Pedersen v. Klinkert*, 56 Wn.2d 313, 352 P.2d 1025 (1960). We find no abuse of that discretion.

Judgment affirmed.

Pearson and Reed, JJ., concur.