# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| THE SUMMIT HOMEOWNERS ASSOCIATION, a Washington state nonprofit corporation, ) ) ) ) | No. 75906-0-I |
| ) | DIVISION ONE |
| Respondent, ) ) | UNPUBLISHED OPINION |
| v. ) ) | |
| GLENN and CINDY OAKES, a Washington state marital community, ) ) ) | |
| Appellants. ) ) | FILED: October 2, 2017 |

APPELWICK, J. — The Oakes appeal the trial court's refusal to vacate the default judgment. They argue that the trial court erred in finding that they were properly served the summons and complaint, conferring personal jurisdiction. They also argue that the trial court abused its discretion in declining to vacate the default judgment under three meritorious defenses. We affirm.

## FACTS

On September 4, 2015, The Summit Homeowners Association (Summit) brought action against Glenn and Cindy Oakes,[1] a married couple residing in the Summit community. It alleged that the Oakes were in violation of Summit's home and lot maintenance requirements and view protection requirements. In its

---

[1] For clarity, we will refer to a specific individual by his or her first name. No disrespect is intended.

complaint, Summit asked the court for declaratory relief, injunctive relief, and damages for assessments and attorney fees.

Dave Stout, a process server, went to the Oakes's home on September 7, 2015 to serve the Oakes with the summons and complaint. Stout testified at the motion to vacate hearing that he spoke with Glenn in the Oakes' driveway.[2] Stout stated that he placed the summons and complaint on the hood of the Oakes's vehicle after Glenn refused to accept them.[3] The Oakes failed to appear, answer, or defend against the complaint.

On October 7, 2015, a default judgment was entered against the Oakes in the amount of $24,967.24. The Oakes filed a motion to vacate the default judgment on July 22, 2016. On September 9, 2016, the trial court denied the motion to vacate, finding that service was proper, and that the Oakes did not have meritorious defenses to overcome the default judgment.

---

[2] Stout states, "And then later on in that brief conversation, he ascended [sic] that he was Mr. Oakes. And I reached out, because we were close enough to where I could hand him the documents, and he refused to take them. . . . And then I said to him, 'Well, I believe that you are Mr. Glenn Oakes, and I'm serving you these legal documents.'"

[3] Stout stated,

And so we—again, I tried to reach out to him and hand them to him, but he wouldn't take them. So I laid them on the—I think earlier in my declaration, I said on the back end, but I think it was the front. I can't remember which way the vehicle was parked, nose towards the cul-de-sac or nose toward the front. But obviously, I laid the documents on the hood—I would say the hood on the minivan.

And at that time, he was still there, close by, and I turned around and left.

2

DISCUSSION

The Oakes argue that the trial court erred in declining to vacate the default judgment. First, they argue that the trial court did not have personal jurisdiction to find the default judgment due to improper service of the complaint and summons. Second, they argue that Summit violated RCW 64.38.035(4), because it did not obtain voter approval from the homeowners before filing suit. Third, they argue that they were not in violation of the homeowners' association act[4] or the covenants, conditions, and restrictions ("CC&Rs") of the Summit Homeowners Association. Fourth, they argue that Summit did not exhaust administrative remedies before it filed suit, violating RCW 64.38.020(11) and Summit's governing documents. Fifth, they argue that the trial court did not make a findings of fact and conclusions of law, therefore this court must reverse or remand.

The Oakes ask this court to apply a de novo standard of review to the trial court's decision not to vacate default judgment for improper service. We generally review de novo the trial court's decision not to vacate a final order for lack of jurisdiction. Delex Inc. v. Sukhoi Civil Aircraft Co., 193 Wn. App. 464, 469, 372 P.3d 797), review denied 186 Wn.2d 1027, 385 P.3d 114 (2016). However, where the trial court's finding of facts involved weighing competing documentary evidence and resolving credibility issues, the substantial evidence standard is appropriate. Dolan v. King County, 172 Wn.2d 299, 310, 258 P.3d 20 (2011).

Here, the trial court weighed documentary evidence and determined credibility of witnesses. Further, when an appellant challenges conclusions of law

---

[4] Ch. 64.38 RCW.

not based on the law itself, but rather claiming that the findings of fact do not support the court's conclusions, appellate review is limited to determining whether the trial court's findings are supported by substantial evidence and, if so, whether those findings support the conclusions of law. Nguyen v. City of Seattle, 179 Wn. App. 155, 163-64, 317 P.3d 518 (2014). The Oakes challenge the trial court's finding that Stout personally served the Oakes. Therefore, we look to see whether there is substantial evidence to support the trial court's finding that Stout achieved personal service.

The Oakes also assert that the trial court should have vacated the judgment for several meritorious defenses. Under CR 60(b), a party may motion the court to relieve that party of a final judgment for a number of defenses. A motion to vacate a default judgment under CR 60(b) is reviewed for abuse of discretion. United Pac. Ins. Co. v. Discount Co., 15 Wn. App. 559, 562, 550 P.2d 699 (1976).

I.  Service of Process

The Oakes argue that they were not properly served with the summons and complaint under RCW 4.28.080(16) or RCW 4.28.080(17). For personal service, the summons shall be served by delivering a copy thereof to the defendant personally, or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein. RCW 4.28.080(16). After hearing the testimony of Glenn and Stout, the trial court found

that the Oakes were personally served with a copy of the summons and complaint. The court concluded,

> And I listened to the testimony of Mr. Oakes and I listened to the testimony of Mr. Stout, and it is my finding from listening to the testimony and the credibility—and kind of the context—and I don't mean credibility, Mr. and Mrs. Oakes, in the sense that I think you're lying, but Mr. Stout—everybody agrees he came to your house on that morning, he got out of the car. There was a discussion about were you Mr. Oakes, and who was he, and what was he doing there. He says he said he was there to serve you papers and tried to give them to you. . . . [I]n listening to all the testimony it's my finding that in fact that happened, that he identified himself as a process server, said he had legal papers for you, tried to give you the legal papers, which—and you left to go inside, and that he left the legal papers outside. . . .
>
> So I find, weighing the credibility of the witnesses, that in fact you were served with a copy of the summons and complaint.

The essential issue on appeal is whether there was substantial evidence before the trial court to support its conclusion that service of process was valid under RCW 4.28.080(16). There is evidence in the record that process server, Stout, took the summons and complaint to the Oakes's home on September 7, 2015, and spoke with a man whom he identified as Glenn. Further, there is evidence in the record that the process server laid the documents on Oakes's vehicle after Glenn refused to take them. Stout testified that Glenn did not touch the papers, but he explained, "I tried to reach out to him and hand them to him, but he wouldn't take them. . . I laid the documents on the hood—I would say the hood on the minivan." Substantial evidence supports the trial court's finding that Stout attempted to hand the summons and complaint to Glenn. Substantial

evidence supports the trial court's finding that after Glenn refused to accept the documents, Stout placed them on the Oakes' vehicle.

Under RCW 4.28.080, a process server accomplishes personal service if there is a clear attempt to yield possession and control of the documents to the person being served. United, 15 Wn. App. at 561-62. In United, the court held that defendant was served properly after the process server attempted to hand the documents to the defendant, but she evaded accepting them by slamming the door. 15 Wn. App. at 562. The Oakes argue that this case is similar to the situation in Weiss v. Glemp, 127 Wn.2d 726, 903 P.2d 455 (1995). There, the court found that there was insufficient service of process when the process server left the summons outside on the windowsill of where the defendant was located. Weiss, 127 Wn.2d at 732. The court noted in Weiss that the defendant had not attempted to evade process merely because he did not come to the door when the process server knocked. Id. at 734.

This case is more similar to United than Weiss, because the process server attempted to yield possession and control of the documents personally to Glenn, but Glenn affirmatively refused. Service of process was sufficient under RCW 4.28.80(16). The trial court properly denied the motion to vacate on the grounds of sufficient service of process.

II. Meritorious Defenses under CR 60

The Oakes also raise three defenses to the default judgment. First, they argue that the default judgment should be set aside because Summit

6

did not get the homeowners approval before filing suit. Second, they argue that they did not violate the homeowners' association act or the CC&Rs. Third, they argue Summit failed to exhaust administrative remedies prior to litigation.

A trial court may vacate a default judgment for a number of reasons, such as mistakes, inadvertence, excusable neglect, newly discovered evidence, and fraud. CR 60(b). Whether to vacate a judgment on grounds set forth in CR 60(b) lies within the discretion of the trial court. United, 15 Wn. App. at 562. When considering whether to vacate a default judgment, courts consider whether the default party has shown (1) that there is substantial evidence to support at least a prima facie defense to the claim asserted, (2) that its failure to appear was occasioned by mistake, inadvertence, surprise, excusable neglect, or that there was irregularity in obtaining the judgment, (3) that the party acted with due diligence after receiving notice that the default judgment was entered, and (4) whether substantial hardship would result to the plaintiff if the judgment were set aside. Sacotte Const., Inc. v. Nat'l Fire & Marine Ins. Co., 143 Wn. App. 410, 418, 177 P.3d 1147 (2008).

Here, the trial court declined to vacate the default judgment after finding that the Oakes did not act with due diligence to set aside the default order. Summit served the Oakes with the summons and complaint on September 7, 2015. The court entered the default judgment on October 7, 2015. The Oakes filed the motion to vacate the default judgment on July

22, 2016. In determining a motion's timeliness a court considers whether the moving party has good reasons for failing to take appropriate action sooner. See Luckett v. Boeing Co., 98 Wn. App. 307, 313, 989 P.2d 1144 (1999). This court has found that a trial court does not abuse its discretion in denying a motion to vacate when the moving party fails to put forth any good reason for delaying to bring a motion to vacate. See id. We do not find an abuse of trial court discretion.

### III. Record of Trial Court's Findings

The Oakes assert that the trial court failed to make a findings of fact and conclusions of law, properly preserving the record for the appellate court. CR 60 is silent about whether a court is required to make written findings of fact and conclusions of law when ruling on a motion to vacate a final judgment. The Oakes do not find fault in the trial court's lack of written findings, but instead assert that it erred by failing to make any findings on the record. But, the record contains the oral findings the trial court made at the hearing on the motion to vacate the default judgment. We find no error.

### IV. Attorney Fees

Summit requests attorney fees that have not yet been awarded as part of the default judgment. Summit asserts that it is entitled to attorney fees per the CC&Rs.[5] We will award attorney fees to the prevailing party

---

[5] The document states, "In any judicial action to enforce compliance with the Governing Documents or a Board Decision, the prevailing party, including the Association, shall be entitled to recover from the non-prevailing party, whether or not the action proceeds to judgment, its costs and a reasonable sum for attorneys'

on the basis of a private agreement, a statute, or a recognized ground of equity. <u>Buck Mountain Owner's Ass'n v. Prestwich</u>, 174 Wn. App. 702, 731, 308 P.3d 644 (2013). Summit is entitled to attorney fees incurred in this appeal based on the CC&Rs, subject to its compliance with RAP 14.4.

We affirm.

_Appelwick, J._

WE CONCUR:

_Spearman, J._

_Leach, J._

---

fees incurred in connection with the action, in addition to taxable costs permitted by law."