IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| THE LAW OFFICES OF JAMES W. TALBOT, PLLC and JAMES W. TALBOT, <br><br> Appellant, <br><br> v. <br><br> LAUREL AARSVOLD, an individual, MATTHEW AARSVOLD, an individual, and CORONUS EXS, LTD., a Wyoming corporation, and GLOMAD SERVICES, LTD., a Wyoming corporation, <br><br> Respondents, <br><br> EUGENE BELLAVANCE, an individual, BRIGHT MORNING CONSULTING, LLC., a Colorado limited liability company, <br><br> Defendants. | No. 83022-8-I <br><br> DIVISION ONE <br><br> UNPUBLISHED OPINION |

COBURN, J. — James Talbot, representing himself, challenges several adverse rulings entered by the trial court in his action seeking to recover unpaid legal fees and the respondents' counterclaims for legal malpractice. Talbot's claims lack merit and his briefing is sufficiently deficient to preclude appellate review. We affirm.

BACKGROUND

On November 8, 2019, Talbot and his law firm filed a complaint against Matthew and Laurel Aarsvold, Eugene Bellavance, Coronus XES, Ltd., Glomad Services, Ltd.,

Citations and pincites are based on the Westlaw online version of the cited material

and Bright Morning Consulting, LLC alleging unpaid legal fees.[1]  Coronus XES and Glomad Services (collectively "Coronus/Glomad") answered Talbot's complaint and counterclaimed for legal malpractice.

After unsuccessfully attempting to effectuate out-of-state personal service on the Aarsvolds, Talbot filed a motion seeking authorization for alternative service.  He argued that the Aarsvolds were evading service by refusing to answer the door.  The trial court ruled there was insufficient evidence that the Aarsvolds were evading service and denied the motion without prejudice.  Talbot renewed the motion, which the court denied on the same basis.

On December 16, 2020, Coronus/Glomad moved for summary judgment dismissal of Talbot's complaint.  They argued that Talbot's settlement agreement with two of the defendants discharged the remaining defendants from liability and that Talbot failed to respond to their requests for admission.  They also moved for partial summary judgment on their counterclaims, arguing that no issue of material fact remained as to whether Talbot breached the standard of care during his representation or whether his affirmative defenses fail.  In response, Talbot asserted that he had never received the defendants' requests for admissions and that material issues of fact as to whether his representation breached the standard of care precluded summary judgment.  On February 1, 2021, following a hearing with oral argument, the trial court granted Coronus/Glomad's summary judgment motions and dismissed Talbot's complaint with prejudice.

---

[1] Talbot entered into a settlement agreement with Bellavance and Bright Morning Consulting which released them from all liability.  They are not respondents in this appeal.

On February 2, 2021, Coronus/Glomad and the Aarsvolds moved for orders in limine, including sanctions for multiple violations of the court's scheduling orders and dismissal of the Aarsvolds. On February 12, 2021, the court granted the motions in limine, entered default against Talbot on the counterclaims, struck Talbot's pleadings responsive to the counterclaims, prohibited him from introducing evidence and argument in opposition, and dismissed Talbot's complaint against the Aarsvolds based on failure of service and res judicata. The court entered an order fixing sanctions on May 6, 2021. Coronus/Glomad then filed a motion for default judgment, which Talbot did not oppose. The court granted the motion on June 8, 2021. Talbot moved for reconsideration, which the court denied on July 15, 2021.

Talbot filed a notice of appeal on August 13, 2021. After the respondents filed two motions to dismiss the appeal for failure to prosecute, Talbot filed an opening brief on June 15, 2022, which this court rejected due to noncompliance with RAP 18.17. A month later, the respondents filed a third motion to dismiss, in which they pointed out that Talbot's opening brief also contained multiple violations of RAP 10.3 and 10.4. Talbot did not respond. On July 27, 2022, a commissioner of this court ruled that the appeal would be dismissed as abandoned unless Talbot filed a revised opening brief by August 12, 2022. One day before this deadline, Talbot filed a revised opening brief, which included a RAP 18.17 certification, but it was otherwise substantially similar to the rejected brief. This court accepted Talbot's brief for filing.

## DISCUSSION

As a preliminary matter, the Aarsvolds and Coronus/Glomad move to dismiss Talbot's appeal pursuant to RAP 17.4(d) for continuing willful disregard of this court's

rules and orders.[2] Talbot did not acknowledge or respond to this motion in his reply brief. We agree that dismissal would be appropriate on this basis. But because this court accepted Talbot's brief for filing, we will consider it.

"Strict adherence to [RAP 10.3] is not merely a technical nicety." In re Estate of Lint, 135 Wn.2d 518, 532, 957 P.2d 755 (1998). "The purpose of [RAP 10.3] is to enable the court and opposing counsel efficiently and expeditiously to review the accuracy of the factual statements made in the briefs and efficiently and expeditiously to review the relevant legal authority." Litho Color, Inc. v. Pac. Emps. Ins. Co., 98 Wn. App. 286, 305-06, 991 P.2d 638 (1999).

Talbot's opening brief contains no table of contents, no separate assignments of error, and no issues pertaining to assignments of error, in violation of RAP 10.3(a)(2) and (4). His factual assertions lack references to the relevant parts of the record, and several of his arguments fail to cite any legal authority whatsoever. An appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6); see also RAP 10.4(f) ("[a] reference to the record should designate the page and part of the record"). In addition, Talbot's notice of appeal fails to designate all of the orders challenged in his briefing. Although we will consider Talbot's brief, these deficiencies necessarily limit the scope of our review. See Clark County v. W. Wash. Growth Mgmt. Hearings Bd., 177 Wn.2d 136, 144, 298 P.3d 704 (2013) (noting that "[t]he scope of a

---

[2] "A party may include in a brief only a motion which, if granted, would preclude hearing the case on the merits." RAP 17.4(d); RAP 10.4(d).

given appeal is determined by the notice of appeal, the assignments of error, and the substantive argumentation of the parties.").[3]

Talbot first argues that the trial court erred by denying his motions to serve the Aarsvolds by alternate means.[4] This is so, he contends, because the trial court "gave no reasons whatsoever" for denying the motions. Talbot is incorrect. In both orders, the trial court explained in detail that the motions were denied because Talbot's assertion that the Aarsvolds' refusal to answer the door was insufficient to establish that they were evading service. See Weiss v. Glemp, 127 Wn.2d 726, 734, 903 P.2d 455 (1995) ("failing to come to the door does not constitute evasion of service"). In so ruling, the court distinguished Talbot's case from United Pac. Ins. Co. v. Disc. Co., 15 Wn. App. 559, 562, 550 P.2d 699 (1976), in which the court held that the defendant was properly served after the process server attempted to hand the documents to her but she evaded service by slamming the door in his face, thus knocking the papers from his hand. Talbot fails to challenge or even address the trial court's analysis. He has failed to establish that the court erred in denying his motions for alternative service.

Next, Talbot argues that the trial court erred by granting summary judgment dismissal of his complaint. We review summary judgment orders de novo. Strauss v. Premera Blue Cross, 194 Wn.2d 296, 300, 449 P.3d 6450 (2019).

---

[3] Talbot's notice of appeal designated the May 6, 2021 order fixing sanctions, but his brief fails to address it. A party is deemed to have waived any issues that are not raised as assignments of error and argued by brief. State v. Sims, 171 Wn.2d 436, 441, 256 P.3d 285 (2011).

[4] A notice of appeal must designate the decisions for which review is sought. RAP 5.3(a)(3). A ruling not designated in the notice will not be reviewed unless it "prejudicially affects the decision designated in the notice." RAP 2.4(b)(1). Talbot's notice of appeal did not designate the February 12, 2021 order dismissing his complaint against the Aarsvolds for failure to effectuate service of process.

Talbot's argument on this issue, in its entirety, is as follows:

> Appellants disagree on the Respondents' characterization of the trial court's ruling dismissing the claims for unpaid legal fees. Appellants believe the Court never ruled on the issue, lacking proof of standard of care or a conflict of interest. Nowhere in the record is there a factual finding of breach of standard of care or a conflict of interest. As such, any such ruling is an abuse of discretion and an error of law.

Talbot's briefing on this issue lacks citation to authority, references to the record, or meaningful analysis. Thus, we need not consider it. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011). In any case, Talbot's claim is entirely unsupported by the record or the law. The report of proceedings on the summary judgment hearing unquestionably demonstrates that the trial court considered the parties' summary judgment arguments and ruled on the issues raised therein. To the extent that Talbot claims the court erred by failing to enter factual findings, he is incorrect. "At summary judgment, findings of fact are unnecessary because the nonmoving party's allegations are considered proved and all reasonable inferences are drawn in that party's favor." Noll v. Special Elec. Co., Inc., 9 Wn. App. 2d 317, 322, 444 P.3d 33 (2019). The function of summary judgment proceedings "is to determine whether or not a genuine issue of fact exists, not to determine issues of fact." State ex rel. Zempel v. Twitchell, 59 Wn.2d 419, 425, 367 P.2d 985 (1962). And Talbot does not otherwise challenge the trial court's summary judgment orders. He has not demonstrated that the trial court erred in dismissing his complaint.

Lastly, Talbot argues that the trial court erred in granting Coronus/Glomad's motion for entry of default judgment, and in denying his subsequent motion for reconsideration, because the motion for default judgment was never served on him and

he had no opportunity to respond.  He asserts that he learned of the motion only when Aarsvold filed a reply brief.  Again, Talbot cites no legal authority or reference to the record in support of this argument.  And, as the respondents point out, the record contains a certificate of e-service documenting service of the motion on Talbot at his registered email address.[5]  Talbot has not demonstrated a basis for reversal.

Affirmed.

_____
Coburn, J.

WE CONCUR:

_____
Andrus, C.J.

_____
Mann, J.

---

[5] We also note that Talbot did not appeal the February 12, 2021 order granting the respondents' motions in limine and for sanctions for violations of the court's orders, in which the court entered default against Talbot on their counterclaims.