IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| TOMAS RIOS-GARCIA, an individual, | ) | |
| | ) | No. 37507-2-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WASHINGTON STATE DEPARTMENT | ) | PUBLISHED OPINION |
| OF SOCIAL & HEALTH SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

SIDDOWAY, J. — Tomas Rios-Garcia timely mailed a request that the Department of Social and Health Services internally review its employee's determination that an allegation of child abuse or neglect against him was "Founded." The Department did not receive the mailed request. At issue is whether a 30-day time frame for requesting review provided by RCW 26.44.125 and a differently-worded department regulation require the request to be *mailed*, or require it to be *received*, within 30 days.

No. 37507-2-III
*Rios-Garcia v. Wash. Dep't of Social and Health Servs.*

We hold that the plain language of the statute requires mailing within the time frame, as does a reasonable reading of the ambiguous regulation. We reverse the superior court and remand for further proceedings.

FACTS AND PROCEDURAL BACKGROUND

*Prefatory note:* The respondent on appeal is the Department of Social and Health Services, based on a determination it made weeks before its authority as the "department" responsible under chapter 26.44 RCW was transferred to the Department of Children, Youth and Families. RCW 43.216.906. Because the statutes and regulations we address have continuing application, we use the term "Department" to refer interchangeably to the Department of Social and Health Services as the party at all times to this proceeding and as the department responsible under chapter 26.44 RCW before July 1, 2018, as well as to the Department of Children, Youth and Families as the department responsible under chapter 26.44 RCW after July 1, 2018.

Child Protective Services (CPS) learned in early 2018 that a victim of suspected child abuse or neglect by Tomas Rios-Garcia had recanted and his criminal prosecution had been dismissed. Clerk's Papers (CP) at 15. CPS had received and accepted the original report of abuse and proceeded to complete its own investigation. Despite the alleged victim's recantation, CPS determined that the allegation of abuse was Founded.

2

No. 37507-2-III
*Rios-Garcia v. Wash. Dep't of Social and Health Servs.*

CP at 104.[1]  As required by statute, it sent a letter to Mr. Rios-Garcia by certified mail notifying him of its finding.  He received it on April 23, 2018.

The letter provided information about Mr. Rios-Garcia's rights, including his right "to ask for a review by CA of a Founded finding(s) of child abuse or neglect against you."  CP at 105.  "CA" was identified by the letter as Children's Administration of the Department.[2]

The letter addressed the procedure for requesting review of CPS's Founded finding.  We highlight language that relates to the issues on appeal:

1.  You must send a written request for a review to CA.  To do this you must:
   ▪ Use the form attached to this letter to ask for a review, and
   ▪ Send your written request to the address identified on the attached form.

*2.  CA must receive your written request for a review within 30 calendar days from the date you receive this letter.  If CA does not receive the request within 30 calendar days of the date you receive this letter, you will have no further right to challenge the CPS findings.*

CP at 105-06 (emphasis added).  Given the 30 days within which CA "must receive" the written request according to the letter, it was required to be received by May 23, 2018.

---

[1] A report is deemed "Founded" if, following an investigation by the Department, it is determined that "based on available information, it is more likely than not that child abuse or neglect did occur."  RCW 26.44.020(13).

[2] Former WAC 388-15-005 (2018) defined "Children's administration" as a cluster of programs within the Department that included child protective services. *See* WSR 08-18-040.  "Child protective services" was defined as the section of the CA responsible for responding to allegations of child abuse or neglect. *Id.*

Mr. Rios-Garcia signed the required review request form on May 4, 2018. The office manager for Mr. Rios-Garcia's lawyer's firm placed the request in the mail and faxed it to the Department the same day.

The letter Mr. Rios-Garcia had received informed him that in the event he requested review, "the CA Area Administrator will send you a letter with the results of the review in about 60 days." CP at 106. In late June, when no report of the results had been received, Mr. Rios-Garcia's law firm contacted the Department. Department staff informed the law firm that Mr. Rios-Garcia's case was not eligible for review because the Department had not received a letter requesting review within the 30-day time limit. When e-mail correspondence between the Department and the law firm made clear that Mr. Rios-Garcia contended he *had* timely requested review, the Department treated the correspondence as a late request. In a letter sent on July 18, 2018, it informed Mr. Rios-Garcia that he had the right to challenge the Department's determination by requesting an administrative hearing.

Mr. Rios-Garcia requested an administrative hearing, disputing the Department's position that he had not timely requested internal review as well as its Founded finding. He submitted declarations from the office manager and a second employee of his lawyer's firm attesting that his request for review was mailed and faxed to the Department on May 4, 2018.

4

No. 37507-2-III
*Rios-Garcia v. Wash. Dep't of Social and Health Servs.*

The Department moved to dismiss Mr. Rios-Garcia's administrative appeal for lack of jurisdiction, based on his alleged failure to comply with a statutory and regulatory requirement that he request review within 30 days. In responding to the motion, Mr. Rios-Garcia provided a further declaration from his lawyer, who explained why a recent failure of the fax machine used to fax the request on May 4 made it impossible to produce a record of the transmission.

Following a telephonic hearing on the Department's motion to dismiss, the administrative law judge (ALJ) entered an initial order finding that Mr. Rios-Garcia received the Department's letter notifying him of its Founded finding on April 23, 2018; the letter notified him he could request review of the finding by a request to the Department within 30 days of his receipt of the letter; and, most materially:

4.3    The Appellant through his attorney mailed a request for internal review on May 4, 2018. He also sent a fax to the Department the same day.

4.4    The Department has no record of receiving either the letter mailed or the fax.

CP at 58.

The ALJ found that only one issue was in dispute: "Whether the law requires that the request for appeal be received within 30 days of receipt of the founded finding or if it is sufficient that it was sent by being placed in the mail or faxed within the 30 days." CP at 58.

No. 37507-2-III
*Rios-Garcia v. Wash. Dep't of Social and Health Servs.*

The ALJ observed that under WAC 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, if a Department rule addresses a question presented for administrative review, the ALJ is bound to apply the rule.[3] It identified WAC 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[4] as applying and requiring that a request for review be "provided to" the Department within 30 days. CP at 58. It recognized that RCW 26.44.125 did not use the same language and "does not seem to require actual receipt." CP at 58. Nonetheless, the ALJ concluded that WAC 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 "appears clearly to require receipt" and Mr. Rios-Garcia presented no evidence of receipt. CP at 59. The ALJ granted the motion to dismiss the appeal, observing that "[i]f the Department exceeded their authority under the RCW by requiring actual receipt in the WAC is for the courts to decide." CP at 59.

Mr. Rios-Garcia petitioned for review by the Department's board of appeals (the Board). In a review decision and final order affirming the initial order, the review judge for the Board determined that the findings of fact in the initial order were insufficient and modified them. The key modified findings state:

---

[3] WAC 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(1) provides that "ALJs and review judges must first apply the department rules adopted in the Washington Administrative Code." Only if no department rule applies may the ALJ "decide the issue according to the best legal authority and reasoning available, including federal and Washington state constitutions, statutes, regulations, and court decisions." WAC 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(2).

[4] The rule was formerly WAC 388-15-085, but was recodified as WAC 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 on the July 1, 2018 date of the transfer of authority to a new department. WSR 18-14-078.

6

4. The Appellant's attorney mailed a request for internal review to the Department on May 4, 2018. The Appellant alleges that his attorney also faxed the request for internal review to the Department the same day.

5. The Department did not receive either the May 4, 2018, mailed request for internal review, or the May 4, 2018, faxed request for internal review.

6. The Department received a request for internal review from the Appellant on July 18, 2018.

CP at 45.

The review judge's conclusions of law pointed out that it, like that ALJ, was required by WAC 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 to decide an issue on appeal under Department rules, if they apply. It determined that the conclusions of law in the initial order were sufficient and adopted them, adding that "an alleged perpetrator must ***provide*** . . . their request for review . . . within thirty (30) calendar days after receiving notice of the finding." CP at 48 (citing WAC 388-15-085).

Mr. Rios-Garcia sought judicial review. The superior court affirmed the decision of the Board. Mr. Rios-Garcia appeals.

ANALYSIS

Standard of Review

The Administrative Procedure Act (APA), chapter 34.05 RCW, governs judicial review of final agency action. RCW 34.05.510; *Conway v. Dep't of Soc. & Health Servs.*, 131 Wn. App. 406, 414, 120 P.3d 130 (2005). RCW 34.05.570(3) sets forth nine grounds on which relief can be granted from an agency order in an adjudicative proceeding. The assignments of error raised and briefed by Mr. Rios-Garcia amount, in

7

substance, to a claim that "[t]he agency has erroneously interpreted or applied the law," reviewable under RCW 34.05.570(3)(d).[5] His contention that WAC 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 might be invalid is reviewable under RCW 34.05.570(2)(a).

We look to the administrative record, not the superior court's findings or conclusions, when conducting judicial review of an agency decision. *Edelman v. State*, 160 Wn. App. 294, 303, 248 P.3d 581 (2011). If the reviewing officer modifies or replaces findings of fact made by the ALJ, it is the reviewing officer's findings that are relevant on appeal. *Id.* (citing *Tapper v. Emp't Sec. Dep't*, 122 Wn.2d 397, 406, 858 P.2d 494 (1993)). "The burden of demonstrating the invalidity of agency action is on the party asserting invalidity." RCW 34.05.570(1)(a).

The parties have not challenged the review judge's modified findings that Mr. Rios-Garcia's request for internal review was mailed to the Department on May 4, 2018, and the mailed request was not received by the Department nor was a faxed request received. They are verities on appeal. *Campbell v. Dep't of Soc. & Health Servs.*, 150 Wn.2d 881, 886, 83 P.3d 999 (2004).

---

[5] Mr. Rios-Garcia's first assignment of error order is that the Board's finding that "Appellant alleges that his attorney also faxed the request for internal review," CP at 45, is not supported by substantial evidence, an error that would be reviewable under RCW 34.05.570(3)(e). Mr. Rios-Garcia provides no argument to support the assigned error, however, and even suggests, by footnote, that it might be moot or unnecessary to pass on. Br. of Appellant at 2. We will not consider it. *See* RAP 10.3(a)(6); *State v. Farmer*, 116 Wn.2d 414, 432, 805 P.2d 200 (1991).

No. 37507-2-III
*Rios-Garcia v. Wash. Dep't of Social and Health Servs.*

Statutory and Regulatory Background of Department
Investigation and Findings of Abuse

Pursuant to authority delegated in chapter 26.44 RCW, the Department investigates reports from mandatory reporters and others of suspected abuse or neglect of a child. RCW 26.44.030(1)(a), .50. A report that is accepted for investigation by the Department must be investigated within statutory and regulatory time frames, at the completion of which the Department makes a finding that the report of child abuse or neglect is founded or unfounded. RCW 26.44.030(13)(a). The Department is required by statute to keep records concerning Founded reports of child abuse or neglect, and if a finding becomes final either after an administrative hearing or by default (because an accused person fails to appeal a notice of the finding) the accused's name is placed in a database of persons with administrative findings of abuse, neglect or other employment-disqualifying conduct. *Howell v. Dep't of Soc. & Health Servs.*, 7 Wn. App. 2d 899, 904, 436 P.3d 368 (2019).

In the event of a Founded finding, the alleged perpetrator "has the right to seek review and amendment of the finding as provided in [RCW 26.44.125]." RCW 26.44.125(1). The statute was enacted in 1998 in response to passage by Congress of the Child Abuse Prevention and Treatment Act (CAPTA),[6] which conditioned federal funding for child welfare systems on, among other things, improving the evidentiary and

---

[6] *See generally* 42 U.S.C. § 5106a.

investigatory standards applicable to child abuse and neglect findings. LAWS OF 1998, ch. 314, § 9; *Garcia v. Dep't of Soc. & Health Servs.*, 10 Wn. App. 2d 885, 894, 451 P.3d 1107 (2019). It required states to implement laws to allow individuals to appeal any founded finding. *Id.* (citing 42 U.S.C. § 5106a(b)(2)(B)(xv)(II)).

RCW 26.44.125 says only the following about the making of the request: that "within thirty calendar days after the department has notified the alleged perpetrator" of its finding "he or she may request that the department review the finding," and, "The request must be made in writing." RCW 26.44.125(2). Upon receipt of a written request for review, the statute provides that "the department shall review and, if appropriate, may amend the finding," and "review must be completed within thirty days after receiving the written request for review." RCW 26.44.125(4).

The statute provides that "[t]he department may adopt rules to implement this section." RCW 26.44.125(7). Pursuant to that authority, the Department adopted WAC 388-15-085, now WAC 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, which states:

> (1) In order to challenge a founded CPS finding, the alleged perpetrator must make a written request for CPS to review the founded CPS finding of child abuse or neglect. The CPS finding notice must provide the information regarding all steps necessary to request a review.
>
> (2) The request must be *provided to* the same CPS office that sent the CPS finding notice within thirty calendar days from the date the alleged perpetrator receives the CPS finding notice (RCW 26.44.125).

(Emphasis added.)

Basis for Appeal

Mr. Rios-Garcia argues first, that mailing his request for review within 30 days of his receipt of notice of the Founded finding satisfied the requirements of both RCW 26.44.125 and WAC 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. Alternatively, he argues that mailing the request within 30 days of receipt of notice satisfied the requirement of the statute, and if the regulation further requires that the Department receive the request within 30 days, then it conflicts with RCW 26.44.125 and is invalid.

We interpret regulations according to the same "plain meaning" rule used to interpret statutes. *Sampson v. Knight Transp., Inc.*, 193 Wn.2d 878, 886, 448 P.3d 9 (2019). First, we examine the plain language of the regulation; if that language is unambiguous, it controls. *Id.* For a regulation to be ambiguous, "more than one interpretation must be reasonable." *Id.* (emphasis omitted).

In examining plain language, "'[a] term in a regulation should not be read in isolation but rather within the context of the regulatory and statutory scheme as a whole.'" *Overlake Hosp. Ass'n v. Dep't of Health*, 170 Wn.2d 43, 52, 239 P.3d 1095 (2010) (quoting *City of Seattle v. Allison*, 148 Wn.2d 75, 81, 59 P.3d 85 (2002)). "We should not construe a regulation in a manner that is strained or leads to absurd results," and "[o]ur paramount concern is to ensure that the regulation is interpreted in a manner that is consistent with the underlying policy of the statute." *Id.* (citing *Safeco Ins. Cos. v. Meyering*, 102 Wn.2d 385, 392, 687 P.2d 195 (1984)).

As this court has observed in prior cases, "ambiguity [is] created when the legislature specifies a method of written notice, later refers to 'receipt' of the notice, and then fails to address the situation created when the person does not actually receive the notice." *State v. Snyder*, 194 Wn. App. 292, 300, 376 P.3d 466 (2016) (citing *State v. Vahl*, 56 Wn. App. 603, 607-08, 784 P.2d 1280 (1990)). The Department contends that the ambiguity is avoided here by its regulation's language that the request "*must be provided to* [the Department] *within thirty calendar days*," which it argues plainly requires actual receipt within that time frame. We disagree, particularly since the regulation must be read in the context of the statute it was adopted to implement.

First, the controlling language of the statute states that Mr. Rios-Garcia "*may request* . . . department review" "within thirty calendar days." RCW 26.44.125(2) (emphasis added). Under ordinary usage of the English language, one can make a request without the intended recipient of the request receiving the request.

Second, the statute addresses the manner of communicating three different matters during the review process and, by implication, does not require receipt by the Department of a request for internal review. The first communication addressed by the statute is the matter at issue here: the alleged perpetrator's right to "request that the department review the [Founded] finding." RCW 26.44.125(2).

The second communication addressed by the statute, if internal review is requested, is that the Department "shall notify" the alleged perpetrator of the result of its

review. RCW 26.44.125(4). That communication "must be sent by certified mail, return receipt requested, to the person's last known address." RCW 26.44.125(4).

The third communication addressed by the statute is that upon receiving the results of internal review, the alleged perpetrator "may request" an adjudicative hearing. RCW 26.44.125(5). That request "*must be filed* within thirty calendar days after receiving notice of the agency review determination." RCW 26.44.125(5) (emphasis added).

The legislature's choice of language requires only the second and third matters to be communicated in a manner (certified mail or filing) that can establish delivery. No such requirement is provided for the request for internal review. "We presume a difference in legislative intent when the legislature 'uses certain language in one instance but different, dissimilar language in another.'" *Judges of Benton & Franklin Counties Super. Ct. v. Killian*, 195 Wn.2d 350, 362, 459 P.3d 1082 (2020) (quoting *Millay v. Cam*, 135 Wn.2d 193, 202, 955 P.2d 791 (1998)).

The Department nonetheless argues that "provided to" means the same thing as "delivered to" and "received by."[7] Dictionary definitions do not support its argument. In its transitive form, the verb "provide" is defined to mean

---

[7] The notice letter reflected that view, stating that CA must *receive* an alleged perpetrator's request for internal review within 30 calendar days of his or her receipt of the notice, failing which there was no further right to challenge the CPS finding. The request form was similarly-worded. While these are evidence of the Department's view, they have no legal significance.

**2 a :** to fit out or fit up **:** EQUIP – used with *with* <*provided* the children with the books they needed> <~ the car with a radio> **b :** to supply for use **:** AFFORD, YIELD <olives . . . ~ an important item of food –W. B. Fisher> <the preface . . . ~s a hint –L. R. McColvin>

WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1827 (1993). When used to mean "supply for use," one can be said to have supplied something without the intended recipient receiving the item supplied. *E.g.*, *Clarkson v. Wirth*, 4 Wn. App. 401, 406, 481 P.2d 920 (1971) ("The plaintiff supplied the listing form but the defendants testified they did not receive a copy of it.").

Faced with ambiguity, "our paramount concern is to ensure that the regulation is interpreted consistently with the underlying legislative policy of the statute." *Overlake Hosp. Ass'n*, 170 Wn.2d at 55. It is a declared purpose of chapter 26.44 RCW in general that "[r]eports of child abuse and neglect shall be maintained and disseminated with strictest regard for the privacy of the subjects of such reports *and so as to safeguard against arbitrary, malicious or erroneous information or actions*." RCW 26.44.010 (emphasis added). The chapter also includes legislative findings that "parents and children often are not aware of their due process rights when agencies are investigating allegations of child abuse and neglect," that "all citizens, including parents, shall be afforded due process," and that "the legislature wishes to ensure that parents and children be advised in writing and orally, if feasible, of their basic rights and other specific information as set forth in this chapter." RCW 26.44.100(1). The purpose of the

particular statute we are dealing with—RCW 26.44.125—is to afford an alleged perpetrator a meaningful opportunity for review.

The Department suggests that our concern should be with a different policy—finality—arguing that if it cannot rely on an individual's failure to request internal review within 30 days, then the Founded determination "would potentially never become final" and an alleged perpetrator could avoid finality "by simply claiming they put the request in the mail." Resp't's Br. at 19.

But the Founded determination will be presumptively final within a short time: the 30 days within which to request internal review, plus allowance for a reasonable mail delivery period. And an alleged perpetrator could not "simply claim" to have put the request in the mail; he or she would have to prove it to the satisfaction of an ALJ. Here, Mr. Rios-Garcia did prove that he mailed the request, presenting (1) a likelihood he would request review, given the victim's recantation, (2) the sworn testimony of two persons other than Mr. Rios-Garcia that his request was timely mailed, and (3) his lawyers' follow up with the Department approximately eight weeks after the request was mailed. It will be the rare case in which finality is delayed, and it is unlikely to be delayed for long. *Cf. Snyder*, 194 Wn. App. at 294, 303 (individual claimed she mailed a request for internal review on April 6, 2011, but did not follow up when she did not receive a determination; held, it was equitable to impute knowledge to her of the adverse determination by mid-June 2011).

15

Consistent with the policy of chapter 26.44 RCW and RCW 26.44.125, WAC 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 is reasonably construed to have the same meaning as RCW 26.44.125(2). Plainly read, RCW 26.44.125(2) requires that an otherwise-compliant written request be mailed, not received, within 30 calendar days of receipt of notice of the Department's Founded finding.

### Attorney fees

Mr. Rios-Garcia requests fees and costs against the Department under the "Equal Access to Justice Act," RCW 4.84.340 to .360 (EAJA). Under RAP 18.1(a), a party may recover attorney fees on appeal if authorized by applicable law.

Under the EAJA, "a court shall award a qualified party that prevails in a judicial review of an agency action fees and other expenses, including reasonable attorneys' fees, unless the court finds that the agency action was substantially justified or that circumstances make an award unjust." RCW 4.84.350(1). "A qualified party shall be considered to have prevailed if the qualified party obtained relief on a significant issue that achieves some benefit that the qualified party sought." *Id.* "An appellant need not prevail on the merits of an administrative claim to be awarded fees." *Nelson v. Spokane Cmty. Coll.*, 14 Wn. App. 2d 40, 47, 469 P.3d 317 (2020) (citing *Arishi v. Wash. State Univ.*, 196 Wn. App. 878, 909, 385 P.3d 251 (2016)).

The EAJA contemplates that an agency action may be substantially justified even when the agency's action is ultimately determined to be unfounded. *Aponte v. Dep't of*

No. 37507-2-III
*Rios-Garcia v. Wash. Dep't of Social and Health Servs.*

*Soc. & Health Servs.*, 92 Wn. App. 604, 623, 965 P.2d 626 (1998). An action is substantially justified if it had a reasonable basis in law and in fact. *Id.*

Given the particular posture of this case when dismissed, the Department makes a nuanced argument that Mr. Rios-Garcia will not be a prevailing party even if successful in this appeal. We need not address that argument, because the Department's defense of its construction of the statute and regulation was substantially justified. Attorney fees and costs are denied.

We reverse the superior court, reinstate the administrative proceeding, and direct the Board to remand the Founded finding for internal review.

_____
Siddoway, J.

WE CONCUR:

_____
Pennell, C.J.

_____
Fearing, J.

17